JOHN P. McCUTCHEON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. FOREIGN STATUTE—*construction.* Where the legislature adopts substantially the statute of another State, it will be presumed to adopt also the construction previously given to it by the courts of that State, unless such construction is inconsistent with the spirit and policy of our laws.

2. INDICTMENT—*sufficient, if in the language of the statute.* Under the statute of this State, it is sufficient for an indictment to state the offense in the language of the statute creating the same, or so plainly that its nature may be easily understood.

3. SAME—*when indictment should allege a scienter.* Where the intent is mentioned as an element of the offense created by law, it ought to be

alleged in the indictment; but where the law is silent as to motive, no intent need be averred.

4. Same—*sale of intoxicating liquor to minor, etc.* In an indictment against one for selling intoxicating liquors to a minor without the written order of his parents, guardian or family physician, it is not necessary to allege and prove that the defendant sold to a minor, knowing him to be such.

5. Intoxicating liquors—*license confers no authority to sell to certain class of persons.* A license to keep a dram-shop confers no authority to sell intoxicating liquors to a minor, except upon the written order of his parents, guardian or family physician, or to a person intoxicated, or who is in the habit of getting intoxicated; and it is his duty to know that parties to whom he sells are authorized to buy.

6. Same—*liability of party for sale of, by his agent or servant.* The holder of a license to sell intoxicating liquors is liable to indictment for unauthorized sales made by his agent or servant, under the act of 1872.

Writ of Error to the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding.

This was an indictment against John P. McCutcheon, for the sale of intoxicating liquor to Jay Porter, a minor.

The following is a copy of the indictment:

" 1.  The grand jury chosen, selected and sworn, in and for the county of Knox, in the name and by the authority of the People of the State of Illinois, upon their oaths present, that John P. McCutcheon, late of the county of Knox, and State of Illinois, on the first day of January, A. D. 1873, at and within the county of Knox, and State of Illinois, to Jay Porter, a minor, being under the age of twenty-one years, without the. written order of his parents, guardian or family physician, intoxicating liquors then and there unlawfully did sell, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois.

" 2.  And the grand jurors aforesaid, in the name and by the authority of the people aforesaid, upon their oaths aforesaid, further present, that the said John P. McCutcheon, late of the county and State aforesaid, on the day and year aforesaid, at and within the county aforesaid, to Jay Porter, a

minor, being under the age of twenty-one years, without the written order of his parents, guardian or family physician, intoxicating liquors then and there unlawfully did sell, contrary," etc.

The indictment was certified to the county court, where the defendant entered a motion to quash the same, which the court overruled.

The proof showed that Jay Porter was a minor, seventeen years old, and that he bought beer and ale several times at defendant's saloon, without any written order from his parents; that the same was not purchased of the defendant himself, but of his bar-tender.

Messrs. Kretzinger & Harvey, and Mr. Ed. Leach, for the plaintiff in error.

Mr. James K. Edsall, Attorney General, and Mr. J. J. Tunnicliff, State's Attorney, for the People.

Mr. Justice Scott delivered the opinion of the Court:

This was an indictment found against plaintiff in error for unlawfully selling intoxicating liquors to a minor without the written order of his parents, guardian or family physician, contrary to the form of the statute. The indictment was certified to the county court, where a trial was had and the accused found guilty, and upon an appeal taken to the circuit court, the judgment was affirmed.

A motion was made in the county court to quash the indictment, for the reason it was not averred the accused knew Jay Porter, to whom it is alleged the intoxicating liquors were sold, was then a minor. The decision of the court overruling the motion to quash the indictment is assigned for error.

This prosecution was commenced under the second section of the act of 1872 in relation to the sale of intoxicating liquors, which provides, "it shall be unlawful for any person

or persons, by agent or otherwise, to sell intoxicating liquors to minors, unless upon the written order of their parents, guardians or family physicians, or to persons intoxicated, or who are in the habit of getting intoxicated." Session Laws 1872, p. 553.

The indictment is substantially in the language of the statute. This section makes it absolutely unlawful, notwithstanding the party may have a license obtained under the provisions of the first section of the act, to sell intoxicating liquors to minors, unless upon the written order of the parents, guardians or family physicians, and contains an absolute restriction upon selling such liquors to persons intoxicated or who are in the habit of getting intoxicated.

It is claimed the indictment is fatally defective, inasmuch as it fails to aver defendant knowingly sold liquors to a minor. It is insisted guilty knowledge is absolutely necessary to constitute the offense, and unless the *scienter* is averred, it can not be proved on the trial. The principal authority relied on in support of this proposition is the case of *Miller* v. *The People*, 3 Ohio, 471. This section of our statute is, no doubt, a substantial, if not a literal, copy of the Ohio statute on the same subject, and in construing it in *Miller's* case, the court said, "to convict for a violation of the second section, it is necessary to aver in the information, and prove on the trial, that the seller knew the buyer to be a minor." Having adopted the statute of a sister State, it is claimed the legislature adopted also the construction previously given it by the courts of that State. The rule on this subject is stated as we understand it in *Streeter* v. *The People, ante,* p. 595. The doctrine as there announced is, that where the legislature adopts substantially the statute of another State, it is presumed to adopt also the construction previously given it by the courts of that State, unless such construction is inconsistent with the spirit and policy of our laws.

The construction given to similar language in the Ohio statute can not but be regarded as being inconsistent with the

spirit and policy of our laws, and, therefore, no presumption prevails that, in adopting it, the legislature also adopted the construction that had previously obtained in that State. By our laws, every indictment or accusation of the grand jury shall be deemed sufficiently correct which states the offense in the terms and language of the criminal code, or so plainly that the nature of the offense may be easily understood by the jury. R. S. 1845, p. 181.

Since the adoption of this statute, it has uniformly been held it was not necessary to do more than state the accusation in the language of the statute creating the offense. Where the intent is mentioned as an element of the offense created by a law, it ought to be alleged; but where it is silent as to motive, no intent need be averred in the indictment.

The case of *Ells* v. *The People*, 4 Scam. 509, was an indictment for "harboring and secreting" a slave. It was contended defendant, to be guilty of the offense, must have had knowledge of the fact the person harbored or secreted was at the time a slave, and that this knowledge should be averred in the indictment and proved on the trial. It was held, however, in such an indictment it was not necessary to allege a *scienter*. The court commented on the case of *Birney* v. *The People*, 8 Ohio, 230, upon the authority of which the case of *Miller* v. *The People, supra*, was decided, and expressly disapproved of the doctrine there announced.

The case of *Cannady* v. *The People*, 17 Ill. 158, was an indictment for selling spirituous liquors in less quantities than one gallon. The general averment of an illegal sale was held sufficient, the court saying these great niceties and strictness in pleadings should only be countenanced when it is apparent defendant may be surprised on the trial or unable to meet the charge, and beyond this particularity of specification, might furnish a means of evading the law rather than defending against accusation. To the same effect is *Morton* v. *The People*, 47 Ill. 468.

In view of our statute, which makes it sufficient to set forth the offense in the indictment or information in the language of the act creating it, or so plainly that the nature of the accusation can be readily understood, and of the uniform construction given to it by our decisions, it can hardly be said the legislature, in adopting the statute of another state, intended also to adopt a construction in direct antagonism with our laws, and in conflict with the practice that has prevailed under them through a long series of years. It is, at most, a presumption, and is repelled when we remember the construction contended for had been disapproved by this court long prior to the enactment of the law under consideration, upon the ground it was inconsistent with our laws. The presumption should rather be indulged that the present statute was enacted in view of the existing laws as construed by former decisions of this court. The latter is the more reasonable presumption, and, we think, should be adopted, as being more consistent with the spirit and policy of our laws.

Independently of the question whether it is necessary to allege a *scienter* in the indictment, it is insisted the act of selling intoxicating liquors to a minor is not itself made punishable by the statute unless the seller knew at the time the buyer was a minor. We can not concur in this view of the law. The license procured under the first section of the act confers no authority on the licensee to sell intoxicating liquors to a minor, except upon one condition, viz: he shall have the written order of his parents, guardian or family physician. He is absolutely prohibited, by the same section, from selling to a person intoxicated, or who is in the habit of getting intoxicated, and his license will afford him no protection. The law imposes upon the licensed seller the duty to see that the party to whom he sells is authorized to buy, and if he makes a sale without this knowledge, he does it at his peril. This is the clear meaning of the law, and any other construction would render it exceedingly difficult, if at all possible, ever to procure a conviction for a violation of this clause of

the statute. This construction imposes no hardship upon the licensed seller. If he does not know the party who seeks to buy intoxicating liquors at his counter is legally competent to do so, he must refuse to make the sale. It is made unlawful, either with or without a license, to sell to a certain class of persons, and to another class except under certain conditions; and if he violates either clause of the statute, he must suffer the penalties imposed for its violation. It is no answer to this view to say the licensee may sometimes be imposed upon and made to suffer the penalties of the law, when he had no intention to violate its provisions. This is a risk incident to the business he has undertaken to conduct, and, as he receives the gains connected therewith, he must assume also with it all the hazards. Our laws make it a crime for a man to have carnal intercourse with a female under a certain age, either with or without her consent. It would shock our sense of justice to hold a party not guilty because he did not know she was within that age prescribed by the statute, and therefore incapable of giving consent. The law makes the act a crime, and infers the guilty intent from the act itself.

The case of *The Commonwealth* v. *Emmons*, 99 Mass. 6, was a prosecution against a keeper of a billiard-room, for admitting a minor thereto without the consent of the parent or guardian. It was held it was not needful to aver or prove guilty intent of defendant, and that he admitted such persons to his room at his peril.

In *Ulrich* v. *The Commonwealth*, 6 Bush (Ky.) 400, under indictment for selling liquors to a minor, it was held it was as incumbent on the vendor to know that his customer labors under no disability as it is for him to know the law.

*The State* v. *Hartfiel*, 24 Wis. 60, was also an indictment for selling liquors to a minor. It was held it was an offense under the statutes of that State, notwithstanding the vendor did not know the purchaser was a minor.

*Barnes* v. *The State*, 19 Conn. 397, was a prosecution for selling liquors to a common drunkard, and, to sustain the

prosecution, it was declared not to be necessary to prove defendant knew the person to whom the liquors had been sold was a common drunkard.

The evidence shows conclusively that Jay Porter, at the time he purchased intoxicating liquors at the counter of defendant, was a minor, and that he had no written order from either of his parents, guardian or family physician. Whether appellant knew he was a minor, in the view we have taken of the law, is wholly immaterial. It was his business to know whether he could lawfully sell to him.

We do not deem it a material inquiry whether the sale of the liquors in this case was made by appellant, his agent or servant. In either case, the principal is guilty, within the meaning of the statute, and is liable to the penalties it imposes. The agent had no license to sell to any one, and it is only lawful for him to do so in the name and by the authority of his principal, and the presumption must be deemed conclusive the agent or servant acted within the scope of his authority in making the sale.

The instructions given at the trial are not so variant from the principles announced in this opinion as to have misled the jury. The fourth instruction may have been wrong in its phraseology, but it is not perceived how it could have worked any injury or prejudice to plaintiff in error.

No error appearing that could affect the merits of the cause, the judgment is affirmed.

*Judgment affirmed.*

Mr. Justice Craig, having been counsel for the defendant in the court below, took no part in the consideration of this case.

Mr. Justice Walker and Mr. Justice McAllister, dissenting: We are of opinion that while it is not necessary to aver guilty knowledge in the indictment, under our statutory rule that an indictment is sufficient which charges **a**

statutory offense in the language of the statute, but it is nevertheless necessary to prove such guilty knowledge on the trial. The statute is but a copy of the Ohio statute, which the courts of that State had, long anterior to its adoption here, given such a construction to as we contend for. The presumption is, that the legislature adopted it with the construction so given, and intended that the essential element of guilty knowledge or intent, which is the essence of every crime, should enter into that here defined.