# City of Chicago, Defendant in Error, v. Truax Greene & Company, Plaintiff in Error.

## Gen. No. 20,742.

1. APPEAL AND ERROR, § 1459*—*when error in rulings on evidence harmless.* Even though there is error in admitting or rejecting evidence, such error is not ground for reversal where there is nothing in the evidence so admitted or rejected tending to raise a disputed material issue of fact.

2. DRUGGISTS, § 6*—*when scienter not element of unlawful sale of cocaine.* In an action to recover penalties for the unlawful sale of cocaine to a habitual user and without the written order of a registered practicing physician, it is not essential that the sale shall have been knowingly and wilfully made in violation of the ordinance.

3. DRUGGISTS, § 6*—*when ignorance of violation of ordinance against sale of cocaine no defense.* In an action to recover penalties for selling cocaine in violation of a city ordinance prohibiting the sale to a habitual user of the drug and without the written order of a registered practicing physician, it is no defense that defendant's clerk who made the sale had previously dealt with the purchaser as a practicing physician and had no knowledge of his habits.

4. DRUGGISTS, § 6*—*when evidence of intent in making prohibited sale admissible.* In an action to recover penalties for selling cocaine in violation of a city ordinance, proof of the intent or ignorance of the person making the sale is admissible for the consideration of the jury in determining the amount of the penalty.

5. APPEAL AND ERROR, § 1526*—*when remarks and instructions harmless error.* Instructions and remarks of the court though erroneous are not ground for reversal where the judgment given was bound to follow from the undisputed facts.

6. APPEAL AND ERROR, § 1491*—*when rejection of evidence harmless error.* In an action to recover a penalty for the violation of an ordinance, error in rejecting evidence proper to be considered in fixing the amount of the penalty is harmless where the penalty was fixed at the minimum amount.

7. MUNICIPAL CORPORATIONS, § 857*—*when strict compliance with police regulation essential.* One engaged in a business brought

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Chicago v. Truax Greene & Co., 192 Ill. App. 524.

under police regulation assumes the hazards thereof and must be held to strict conformity with the requirements of the laws or ordinances governing it.

Error to the Municipal Court of Chicago; the Hon. Joseph S. LaBuy, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

Rice, Lowes & O'Neil, for plaintiff in error.

John W. Beckwith and Albert J. W. Appell, for defendant in error; George L. Reker, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

The action below was brought to recover penalties for eighteen sales of cocaine made by plaintiff in error, a wholesale physicians' supply house, to one Thomas S. Roberts, in violation of a city ordinance prohibiting sales of such drug to a person addicted to the habitual use of morphine and cocaine, and without a written order of a duly registered practicing physician when made at wholesale.

The jury found a verdict of guilty, assessed a fine of nine hundred dollars, the minimum for that number of offenses, and judgment was entered therefor.

The exceptions taken to the admission and rejection of evidence and the instructions given, if upheld, would not call for reversal of the judgment. There was nothing in the evidence, admitted or rejected, that tended to raise a disputed material issue of fact. It was unquestioned that the sales were made at wholesale, on the written orders of Roberts himself, between April 8th and May 20, 1914, and there was no evidence tending to dispute his own testimony that at the time thereof he, though a licensed, was not a practicing physician, and also that he had been addicted to the use of morphine and cocaine intermittently for several

years. He had only shortly before making the purchases been released from the House of Correction where he had been incarcerated from the previous September. He had no office and no patients, and there was no evidence that he attempted to resume or engage in the practice of his profession after his incarceration as aforesaid. Proof of such sales, with his uncontroverted admissions that he was not a practicing physician, and was at the time addicted to the use of morphine and cocaine, authorized even a directed verdict.

The facts that the clerks who made the sales had previously dealt with Roberts as a practicing physician and had no personal knowledge of his habits constituted no defense to the charge, the ordinance not requiring that violations thereof shall be knowingly and wilfully made. Proof of the intent or the ignorance of the clerks making the sales should have been admitted for consideration of the jury in determining the amount of the fine, but not for determining the question of guilt. But no complaint can be made as to the rejection of proof on these matters or as to evidence and remarks alleged to have been prejudicial or as to any erroneous instructions, as judgment was bound to follow from the undisputed facts and was fixed at the minimum amount.

It is a rule of law that one engaged in a business brought under police regulation assumes the hazards thereof and must be held to strict conformity with the requirements of the laws or ordinances governing it. In the case of a sale of intoxicating liquors to a minor, it was held in *McCutcheon v. People,* 69 Ill. 601, that "the law imposed upon the licensed seller the duty to see that the party to whom he sells is authorized to buy, and if he makes a sale without this knowledge, he does it at his peril," and that "it is no answer to this view to say the licensee may sometimes be imposed upon and made to suffer the penalties of the law, when he had no intention to violate its provisions. This is

City of Chicago v. Truax Greene & Co., 192 Ill. App. 524.

a risk incident to the business he has undertaken to conduct, and, as he receives the gains connected therewith, he must assume also with it all the hazards.'' This and other cases announcing the same principle were reviewed and followed in *People v. Nylin*, 236 Ill. 19, where, contrary to the statute, a party sold liquor in quantities less than five gallons, and was held chargeable with personal knowledge of the quantity the bottles sold contained. The principle applies to any business brought under police regulation. Greenleaf in his work on Evidence, vol. 3, sec. 21, discussing the question of ignorance of the fact or state of things contemplated by police and other laws and regulations, states that the law seems ''to bind the party to know the facts and obey the law at his peril.''

In the instant case, plaintiff in error was bound to know whether Roberts was a practicing physician, and whether he was a person addicted to the use of said drugs. The evil intended to be abated requires the strictest police regulation. It is no objection to such rigid enforcement of the ordinance that the extreme precaution required to escape the penalty of its violation may in some instances impose hardships. The few that may follow from ignorance of fact would be better endured than the evils that would result from a lax enforcement of the ordinance designed, as it is, to stamp out an evil so generally recognized that it has become the subject of both State and national legislation. The judgment is affirmed.

*Affirmed.*