No. 14,655.

The People *v*. Wilson.
(106 P. [2d] 352)

Decided October 7, 1940.

Mr. Frank Delaney, for the people.

Mr. I. L. Quiat, Mr. Ralph J. Cummings, Mr. Allyn Cole, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This matter concerns a writ of error sued out by the people under the provisions of section 500, chapter 48, '35 C.S.A., C.L. 7113. Defendant in error was tried, and

acquitted, on the charge of selling liquor to a minor, in violation of section 17 (b), chapter 89, '35 C.S.A., S.L., '35, p. 598, §3, Par. (b).

██ The question is, May a licensed liquor dealer justify the sale of liquor to a minor on his belief that the purchaser was twenty-one years of age?

The court instructed the jury that if the defendant made the sale under the honest belief that the purchaser was then twenty-one years of age or older, and that defendant acted as a reasonably prudent man in so believing, "then and in that case you should find the defendant not guilty."

We think the court erred. It is incumbent on the licensed dealer to see that his customer is not within a proscribed class; proceeding otherwise, he does so at his peril. We do not perceive that our statute contemplated the exercise of good faith on the part of the licensee. On whatever evidence he may act in a given instance, and regardless of his good faith, the licensee must assume the risk involved. See *McCutcheon v. People*, 69 Ill. 601; 15 R.C.L. 365; Wharton's Criminal Law (11th ed.), §1808, pp. 1998-99; 115 A.L.R. 1230 (1938); Black on Intoxicating Liquors, §418; *Harper v. State*, 91 Ark. 422, 121 S.W. 737.

Accordingly, we disapprove of the action of the trial court as indicated.

Mr. Justice Burke, concurring.

I concur in the conclusion, but am clearly of the opinion that under section 18, article 2 of our Constitution, the disposition should be, "reversed and remanded for a new trial."

Mr. Justice Young concurs in this statement.