No. 14,656.

THE PEOPLE *v.* WILSON.
(107 P. [2d] 599)

Decided October 7, 1940.   Rehearing denied November 12, 1940.

Mr. FRANK DELANEY, for the people.

Mr. I. L. QUIAT, Mr. RALPH J. CUMMINGS, Mr. ALLYN COLE, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

While strictly speaking this is not a companion case to *People v. Wilson,* 106 Colo. 437, decided this date, it arose out of similar facts, the same parties are involved, and the alleged offenses charged in the indictment took place in the same community and at about the same time. However, a different question of law confronts us. The court set aside a verdict of guilty and dismissed the case. Proceeding pursuant to the provisions of section 500, chapter 48, '35 C.S.A., C.L. §7113, plaintiff in error prosecutes this writ.

An indictment in two counts was returned against defendant in error, the charging portions of which read:

"That M. E. Wilson * * * did then and there unlawfully permit spirituous liquors to be sold and dispensed by a person under the age of twenty-one years namely, one Orie Nottingham, who was then and there an employee of the said M. E. Wilson contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Colorado."

"That the said M. E. Wilson * * * did then and there unlawfully permit one Orie Nottingham, who was then and there under the age of twenty-one years and then and there being an employee of the said M. E. Wilson to participate in the sale and dispensing of spirituous liquors * * *."

At the trial a verdict of "not guilty" was returned on the first count and a verdict of "guilty" on the second count. Counsel for defendant in error interposed a motion in his behalf asking "that said verdict of guilty be not received, but rejected by the court, that the prisoner be discharged, and his bondsmen released * * *." Among the reasons given for objection to the verdict of guilty, were the following: That the verdict was not supported

by the evidence, or by the law, and that it was contrary thereto; that the verdicts were inconsistent, in that since the jury returned a verdict of not guilty on the first count, and there was no evidence to support a verdict of guilty on the second count, the verdict on the second count should not be permitted to stand.

The motion, which may be regarded as one for a new trial on the second count, was granted. Thereupon the district attorney, after reserving an exception to the ruling of the court, announced, "that the people had made the best case possible and elected to stand on the evidence submitted." Proceeding on its own motion the court dismissed the second count.

We think the court erred. Having granted the motion for a new trial, well within its discretion, it should have ordered a retrial on the second count in due course.

Judgment reversed.