**No. C-715**

**The People of the State of Colorado v. Steven Ross Caddy**

(540 P.2d 1089)

Decided September 22, 1975.

William J. Knous, District Attorney, for petitioner.

Woodrow, Roushar & Weaver, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari to review the action of the district court, and now reverse. Defendant was convicted in the County Court of Montrose County of speeding (65 miles per hour in a posted 55 mile per hour zone). On appeal, the District Court in and for the County of Montrose reversed with directions to the county court to enter a judgment of acquittal and to dismiss the complaint. The judge found that, although Caddy was speeding, he had no knowledge of that fact due to a defective speedometer. Further, the judge found that the Colorado statute setting the maximum speed limit at 55 miles per hour was not in effect at the time of the trial.

The issue involving the validity of the speed limit has been addressed in a recent opinion issued by this court, *People v. Driver,* 189 Colo. 276, 539 P.2d 1248. We held there that it was the intent of the legislature to fix a maximum speed limit of 55 miles per hour for a period during which federal restrictions as to speed were continued. Further, the defendant in this case was charged with speeding during November, 1974, when no one questioned that the 55 mile per hour limit was in effect.

The only issue to be resolved here is whether lack of criminal intent is a defense to a charge of speeding.

Defendant presented evidence at trial that his speedometer reflected a speed ten miles per hour below the true speed of his vehicle. There was no evidence that he had knowledge that the speedometer reading was in error, or that he should have known of the defective speedometer. Defendant asserts, and the district court agreed, that his lack of culpable mental state was a defense to the charge of speeding. We reverse.

The minimum requirements for criminal liability are set out in section 18-1-502, C.R.S. 1973, as follows:

"The minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing. If that conduct is all that is required for commission of a particular offense, or if an offense or some material element thereof does not require a culpable mental state on the part of the actor, the offense is one of 'strict liability'. If a culpable mental state on the part of the actor is required with respect to any material element of an offense, the offense is one of 'mental culpability'."

"Culpable mental state" is defined in section 18-1-501(4), C.R.S. 1973, as meaning "intentionally," "knowingly," "recklessly," or "with 'criminal negligence.'"

The statute under which defendant was convicted provides in part, "no person shall drive a vehicle on a highway . . . in excess of a maximum lawful speed of fifty-five miles per hour." Colo. Sess. Laws 1974, ch. 36, 13-5-33 at 217. There is no element of mental culpability required in the speeding statute.

Although the absence of a specified "culpable mental state" in the statute is not conclusive on the issue, it is well settled that the legislature may make a prohibited act a crime, irrespective of the elements of in-

tent or scienter, when public policy so requires. We cite *Hershorn v. People,* 108 Colo. 43, 113 P.2d 680 (1941), which quoted *Commonwealth v. Mixer,* 207 Mass. 141, 93 N.E. 249 (1910), approvingly as follows:

" 'In the prosecution of crimes under the common law apart from the statute, ordinarily it is necessary to allege and prove a guilty intent, and as a general principle a crime is not committed if the mind of the person doing the act is innocent. An evil intention and an unlawful action must concur in order to constitute a crime. But there are many instances in recent times where the legislature in the exercise of the police power has prohibited under penalty the performance of a specific act. The doing of the inhibited act constitutes the crime and the moral turpitude or purity of the motive by which it was prompted and knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt. The only fact to be determined in these cases is whether the defendant did the act. In the interest of the public the burden is placed upon the actor of ascertaining at his peril whether his deed is within the prohibition of any criminal statute.' "

In that case the statute making unlawful the sale of intoxicants to minors and inebriates, regardless of intent, was held to be a reasonable regulation. *See also, People v. Wilson,* 106 Colo. 437, 106 P.2d 352 (1940). We think the policy considerations in this case are fully as strong, if not more so. A driver must be charged as a matter of public policy, with the responsibility of ensuring that his vehicle is safe, so as to minimize the risk inherent in travel on our public highways.

■ Therefore, in the absence of a specified element of "criminal intent," and because of the strong public policy considerations, we hold that speeding is an offense of strict liability. The absence of any criminal intent, or culpable mental state, therefore, is no defense.

The judgment is reversed and the cause remanded for appropriate action.