### No. 27256

**The People of the State of Colorado v. Jimmie Lee Holloway**

(568 P.2d 29)

Decided August 15, 1977.

Terrance Farina, District Attorney, John A. Achziger, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. VanCleave III, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The People appeal from an order of Mesa County District Court dismissing an information against appellee Jimmie Lee Holloway for theft by receiving, section 18-4-410, C.R.S. 1973 (1976 Supp.). The district court dismissed the information on the ground that the statute is vague and overbroad, thus unconstitutional. We reverse and remand with directions that the information be reinstated.

The facts relevant to this appeal are undisputed. An undercover police officer approached appellee, said he had recently stolen a pistol, and offered to sell it. Appellee bought the pistol and was later arrested. In fact, the pistol was not stolen but merely borrowed from another police officer.

The information against appellee charged that he purchased the pistol, *believing* it to be stolen property.[1] Appellee moved to dismiss on the grounds, *inter alia,* that section 18-4-410 does not contemplate prosecution

---

[1] Thus, our holding in *People v. Johnson,* 193 Colo. 199, 564 P.2d 116, that the "reasonable cause to believe" standard of section 18-4-410 is unconstitutional does not affect this case.

when the subject goods are not actually stolen and that the statute is unconstitutionally vague and overbroad. The court granted appellee's motion to dismiss, stating:

"The statute is vague and overbroad, in the constitutional sense and treatment of such terms, to the extent that conviction of crime may be grounded on the mistaken belief (or the negligence) of the offender."

On appeal, the People contend that theft by receiving under section 18-4-410 includes property not actually stolen and that so read the statute is neither vague nor overbroad. We agree with both of these contentions.

I.

Section 18-4-410(1) provides:

"A person commits theft by receiving when he receives, retains, loans money by pawn or pledge on, or disposes of anything of value of another knowing or believing or having reasonable cause to believe that said thing of value has been stolen and intends to deprive the lawful owner permanently of the use or benefit of the thing of value."

■ Unlike its predecessor, section 18-4-401(1), C.R.S. 1973, which required knowledge that the property was stolen, section 18-4-410(1) requires knowledge *or belief* that the property was stolen. The clear import of this change is that the legislature intended to broaden the crime of theft by receiving to include the purchase of property, whether stolen or not, which the purchaser believes is stolen.

This conclusion finds support in section 18-1-504(1), C.R.S. 1973. That statute provides that a mistaken belief of fact is not a defense unless (1) it negates a mental state which is an element of a crime, (2) the substantive statute or a related statute "expressly provides that a factual mistake or the mental state resulting therefrom constitutes a defense or exemption," or (3) it gives rise to the defense of justification.

None of these exceptions apply here. Appellee's mistaken belief that the pistol was stolen would not negate a necessary mental element of the charge; on the contrary, such belief is itself an element of theft by receiving. Nor does the statute expressly establish mistaken belief of fact as a defense. We recognize that, as originally proposed, section 18-4-410 included a subsection providing that the mistaken belief that the property was stolen is no defense to the crime. Although the House of Representatives later deleted this subsection, we cannot infer that the legislature intended thereby to authorize this defense, particularly in view of the requirement of section 18-1-504(1)(b) that such a defense must be expressly provided.

■ Finally, we find no inconsistency between the element of belief that the goods are stolen and the element of intent to permanently deprive the lawful owner of the use or benefit of the thing of value. Although mistaken as to his identity, an accused can still intend to deprive the lawful owner, whoever he is, of his property. Thus, we conclude that it is no

defense to prosecution for theft by receiving under section 18-4-410 that the defendant mistakenly believed the goods were stolen.[2]

## II.

Due process requires that criminal statutes give a fair description of the prohibited conduct, understandable by persons of common intelligence. *People ex rel. VanMeveren v. County Court*, 191 Colo. 201, 551 P.2d 716; *People v. Gonzales*, 188 Colo. 272, 534 P.2d 626. Section 18-4-410, as modified by *People v. Johnson, supra*, satisfies this standard. While, as appellee points out, belief is entirely subjective and therefore difficult to detect or prove, this merely compounds the People's burden of proof and does not render a "believing" standard unconstitutionally vague.

A statute is overbroad if it prohibits activity not properly subject to the police power. *People v. VonTersch*, 180 Colo. 295, 505 P.2d 5. Appellee's argument that section 18-4-410 is overbroad because it includes innocent as well as criminal conduct contains its own refutation, since conduct falling within the scope of the statute is *ipso facto* criminal. The proper inquiry is whether section 18-4-410 criminalizes constitutionally protected conduct. Appellee does not espouse and we do not find any constitutional right to deal in property known or believed to be stolen. Appellee has thus failed to prove section 18-4-410 unconstitutional beyond a reasonable doubt. *People v. Lorio*, 190 Colo. 373, 546 P.2d 1254.

The judgment of the district court is reversed and the cause remanded with directions that the information be reinstated.

---

[2]It may be that under the circumstances of this case other defenses, such as entrapment, may be available.