**The People of the State of Colorado v. William Washburn**
**No. 28224**
**The People of the State of Colorado v. Howard Dale Stroh**

(593 P.2d 962)

Decided April 23, 1979.                    Rehearing denied May 14, 1979.

420

Paul Q. Beacom, District Attorney, Marc P. Mishkin, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for defendant-appellee Washburn.

Howard Dale Stroh, pro se.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The People appeal the ruling of the Adams County District Court which dismissed separate prosecutions of the defendants on the basis that section 18-4-402(1)(b), C.R.S. 1973, and section 18-4-402(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8), required no culpable mental state and thus violated the constitution. For the purpose of this appeal, we have consolidated both cases. We reverse and remand with directions that the informations be reinstated.

William Washburn (Washburn) was arrested and charged with theft of rental property, section 18-4-402(1)(b), C.R.S. 1973, which states:

"(1) A person commits theft of rental property if he: . . .

"(b) Having lawfully obtained possession for temporary use of the personal property of another which is available only for hire *intentionally* fails to reveal the whereabouts of or to return said property to the owner thereof or his representative or to the person from whom he has received it within seventy-two hours after the time at which he agreed to return it." (Emphasis added.)

Howard Stroh (Stroh) was arrested and charged with theft of rental property, section 18-4-402(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8), as amended July 1, 1977, which provides:

"(1) A person commits theft of rental property if he: . . .

"(b) Having lawfully obtained possession for temporary use of the personal property of another which is available only for hire *knowingly* fails to reveal the whereabouts of or to return said property to the owner thereof or his representative or to the person from whom he has received it within seventy-two hours after the time at which he agreed to return it." (Emphasis added.)

The trial court erroneously assumed that both defendants were charged under the statute as amended. The court, after determining that

the statute, as amended, was unconstitutional because it contained no element of conscious wrongdoing or criminal intent and no requirement of criminal conduct, dismissed the charges against both defendants. The bases of the court's ruling were the opinions of the United States Supreme Court in *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), and of the Alaska Supreme Court in *Speidel v. State,* 460 P.2d 77 (Alaska 1969). The trial court read *Morissette, supra,* to require an element of conscious wrongdoing or criminal intent in statutes such as section 18-4-402(1)(b), C.R.S. 1973, as amended, and read *Speidel, supra,* as an application of that doctrine. Although the order of the trial court did not indicate that the basis for its decision was a violation of due process of law under *U.S. Const.* amend. XIV, counsel on appeal argued, and we now decide the issue in terms of due process requirements.

## I.

Although the ruling of the trial court concerning Washburn was based on the mistaken assumption by the court and counsel that he had been charged under the statute as amended, we must address the issue of the criminal intent required in the statute under which he was charged in reality. Thus, we first address the issue of the culpable mental state required in section 18-4-402(1)(b), C.R.S. 1973, both before and after amendment.

■ The legislature can proscribe an act without regard to a culpable mental state, but only if it does so pursuant to its police power. *Morissette, supra; People v. Caddy,* 189 Colo. 353, 540 P.2d 1089 (1975). Such is not the statute in this case. Clearly, the theft of rental property, which is punishable by imprisonment in the state penitentiary because it is a felony, is not akin to speeding violations. *Caddy, supra.* As the United States Supreme Court stated in *Morissette,* offenses which have their basis in common law — such as provisions concerning theft — must be construed to require a culpable mental state.

■ The culpable mental state required in a statute dealing with theft must be more than mere negligence, *People v. Johnson,* 193 Colo. 199, 564 P.2d 116 (1977), but it need not be specific intent. *Morissette, supra; People v. Holloway,* 193 Colo. 450, 568 P.2d 29 (1977).

Washburn argues that section 18-4-402(1)(b), C.R.S. 1973, does not require a culpable mental state because "intentionally" refers to the act, not to the intent of the actor. Such an interpretation is at odds with *Morissette,* in which the United States Supreme Court addressed a similar statute.

In *Morissette,* the defendant was convicted of converting government property to his own use under a statute which did not specify a cul-

pable mental state.[1] The lower court held that his defense of belief that the property had been abandoned could not be submitted to the jury because a culpable mental state was not an element of the offense. The United States Supreme Court reversed, holding that where an offense has been construed in the past to require criminal intent, legislative silence indicates approval of that prior judicial interpretation. The Court then construed the statute at issue to require an element of criminal intent.

■ It has been well settled in this state that whenever possible a statute should be construed as to obviate or reduce any constitutional infirmities, section 2-4-201(1)(a), C.R.S. 1973; *Bolles v. People,* 189 Colo. 394, 541 P.2d 80 (1975), not to impose them. This was the crux of *Morissette, supra.* The statute in that case was silent on the subject of a culpable mental state. The United States Supreme Court did not declare the statute to be unconstitutional; rather, it found the element of criminal intent implicit in the statute.

■ Similarly, the language of section 18-4-402(1)(b), C.R.S. 1973, while imprecise, does require a culpable mental state. By the use of the word "intentionally" the legislature has indicated its design to require a culpable mental state as an element of the offense. Section 18-1-501(4), C.R.S. 1973, states that: "'Culpable mental state' means intentionally . . . or knowingly . . . ." The use of those terms thus indicates the requirement of a culpable mental state.

■ Contrary to Washburn's contentions, a defendant must do more than retain the rental property for more than three days after it is due in order to be convicted.[2] The United States Supreme Court stated in *Morissette* that:
"knowing conversion requires more than knowledge that the defendant was taking the property into his possession. He must have had knowledge of the facts, though not necessarily the law, that made the taking a conversion."
Similarly, in order to be convicted under section 18-4-402(1)(b), C.R.S.

---

[1] 18 U.S.C. § 641 provides in pertinent part:
"Whoever embezzles, steals, purloins, or knowingly converts to his own use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof:
"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."
[2] Washburn errs in reading "intentionally" in its commonplace usage. The word is specifically defined in section 18-1-501 to indicate specific intent as the culpable mental state.

1973, the accused must have had the specific intent that his acts constitute a wrongful retention of the rental property.[3]

■   This holding is in accord with our prior decision in *People v. Donelson,* 194 Colo. 175, 570 P.2d 542 (1977), in which we held that the culpable mental state in section 18-4-402(1)(b), C.R.S. 1973 must be proved in order to sustain a conviction under the statute.

## II.

The issue presented on appeal by Stroh is whether the change of "intentionally" to "knowingly" removed the element of criminal intent from the statute, thus rendering the provision unconstitutional.

■   The change of the word "intentionally" to "knowingly"[4] does not remove the element of a culpable mental state from the statute. The conscious culpability required by the statute remains the wrongful retention of the rental property. Under the statute before it was amended, the wrongful retention had to be with specific intent, as stated in Part I above. Under the statute as amended, the wrongful retention need only be with general intent. The change of the statute from a specific intent offense to a general intent offense does not abrogate the necessity of a culpable mental state as an element of the offense. To the contrary, it is a clear indication from the legislature that conviction under the statute requires proof of the culpable mental state.

■   Thus, in order to be convicted under section 18-4-402(1)(b), C.R.S. 1973 (1978 Repl. Vol. 8) — the statute as amended — the defendant must have had knowledge that his acts would constitute the wrongful retention of the rental property. To make such a determination, the jury would have to be appropriately instructed.

## III.

The defendants raised two other issues: first, that the requirement of a criminal intent under section 18-4-401, C.R.S. 1973 (the general theft statute), but not under section 18-4-402, C.R.S. 1973, violates the equal protection clause; and second, that the lack of a culpable mental state under section 18-4-402, C.R.S. 1973, transforms any prosecution under that statute into a criminal prosecution for a civil debt in violation of *Colo.*

---

[3] If circumstances prevented the return of the rental property despite the best efforts on the part of the accused, he must be able to raise those circumstances as a defense to his *wrongful* retention of the property, despite the fact that his failure to return the property was purposeful. It is the nature of this offense which gives rise to this issue; the bulk of criminally proscribed behavior is not reasonably subject to the defense of: "my conduct was not wrong." Homicide, assault, kidnapping, sexual assault, arson, burglary, and robbery are all *malum per se,* and protestations by the accused that such conduct is blameless is irrational.

[4] Section 18-1-501, C.R.S. 1973:
"(6) 'Knowingly' or 'willfully.' All offenses defined in this code in which the mental culpability requirement is expressed as 'knowingly' or 'willfully' are declared to be general intent crimes. A person acts 'knowingly' or 'willfully' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts 'knowingly' or 'willfully,' with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result."

*Const.* Art. II, Sec. 12. Because of our holding that section 18-4-402(1)(b), C.R.S. 1973 — both before and after amendment — requires proof of the wrongful retention of the rental property, both of these contentions are untenable.

Accordingly, the judgments of the district court are reversed and the causes remanded with directions that the informations be reinstated.

MR. JUSTICE PRINGLE does not participate.