Per Curiam
The defendant, Timothy J. Cardinal, appeals his conviction for violating section 18-4-402( 1 )(b), C.R.S. 1973 (1978 Repl. Vol. 8), on the grounds that prosecution under that statute violated his rights to due process and equal protection under U.S. Const, amend. XIV. We remand for additional findings.
The defendant rented an automobile from Econo-rate Rent-A-Car in Fort Collins, Colorado, for use from July 20, 1977 to July 27, 1977. The defendant did not return the car to the personnel of the rental agency on the date due, but notified them on July 28 that he would bring the vehicle back on the following day. The defendant never again contacted the agency. He was arrested on August 4, 1977, while driving the rented automobile in Idaho. The defendant was charged with theft of rental property and convicted following trial to the District Court of Larimer County.
The defendant challenges that conviction on the basis that the omission of a culpable mental state as an element of section 18-4-402(l)(b) deprives him of both due process, because an intent to deprive is an essential element of any theft statute, and equal protection, because the general theft statute — section 18-4-401, C.R.S. 1973 — requires criminal intent.
We addressed both of these contentions in People v. Washburn, People v. Stroh, 197 Colo. 419, 593 P.2d 962 (1979).
As we stated in Washburn and Stroh, supra, in order to be convicted under section 18-4-402(l)(b), C.R.S. 1973, as amended, the defendant must have had knowledge that his acts constituted a wrongful retention of rental property. Implicit in this statutory provision is the element of conscious culpability. Because of our holdings in Washburn and *427 Stroh, the defendant’s argument that the statute is unconstitutional must fail.
Nevertheless, this statute was unconstitutionally applied to the defendant. The findings of the trial court were that the defendant did know that the car was to be returned on July 29; that he failed to return the car; that he had the car lawfully in his possession at that time; that he knowingly failed to return the car or reveal the whereabouts of the car to the rental agency within 72 hours of the time that he agreed to return the car.
It is well established in this state that criminal intent can be inferred by the trier of fact from the facts and circumstances of the case. People v. Braly, 187 Colo. 324, 532 P.2d 325 (1975); Johnson v. People, 174 Colo. 413, 484 P.2d 110 (1971). The trial court made no such finding in this case. The court apparently operated under the impression that criminal intent was not an element of the offense. It is not for this court to assume the role of trier of fact, Cacic v. Cacic, 164 Colo. 103, 432 P.2d 768 (1967); Lease Finance, Inc. v. Burger, 40 Colo. App. 107, 575 P.2d 857 (1977), and infer such intent from the facts. Without the finding of criminal intent as an element of the offense, the defendant’s conviction cannot stand. People v. Johnson, 193 Colo. 199, 564 P.2d 116 (1977).
Accordingly, we remand this cause to the trial court for additional findings. If it finds that the defendant had knowledge that his acts constituted a wrongful retention of the rental property, then the conviction stands affirmed. If it cannot make such a finding, then he should render judgment of acquittal.
The cause is remanded with directions to proceed as indicated above.
MR. JUSTICE PRINGLE does not participate.