**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Kurt D. HUSKEY, Defendant-Appellant.**

**No. 79CA0869.**

Colorado Court of Appeals, Div. II.

Sept. 25, 1980.

Rehearing Denied Nov. 20, 1980.

Certiorari Denied March 2, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Jeffrey Weinman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

This is an appeal by defendant Kurt D. Huskey of his conviction for aggravated motor vehicle theft under § 18–4–409(2)(e), C.R.S. 1973 (1978 Repl.Vol. 8). We affirm.

Defendant stipulated at trial that he exercised control over a motor vehicle belonging to the victim, and had caused over $500 in damages. His defense to the charge of aggravated motor vehicle theft was that he was too intoxicated at the time of the offense to be capable of either "knowingly" or "voluntarily" obtaining or exercising control over the vehicle.

The culpability requirement for the crime of aggravated motor vehicle theft is that a person "knowingly obtains or exercises control over the motor vehicle of another." Section 18–4–409(2), C.R.S. 1973 (1978 Repl. Vol. 8). Section 18–1–501(6), C.R.S. 1973 (1978 Repl.Vol. 8), provides that offenses which require the offender to act "knowingly" are general intent crimes. And evidence of voluntary intoxication is incompetent to disprove general intent. Section 18–1–804(1), C.R.S. 1973 (1978 Repl.Vol. 8). *See also People v. DelGuidice,* Colo., 606 P.2d 840 (1980).

■ Defendant contends that the court erred in refusing his instructions which dealt with the requirements for criminal liability. We do not agree.

The instruction on this issue tendered by defendant stated:

> "The minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or omission to perform an act which he is physically capable of performing."

This language is taken from § 18–1–502, C.R.S. 1973 (1978 Repl.Vol. 8), which sets forth the requirements for criminal liability in general. Defendant also tendered an instruction which defined "voluntary act" as it is defined in § 18–1–501(9), C.R.S. 1973 (1978 Repl.Vol. 8). These instructions were not appropriate in this case because § 18–1–804(1), C.R.S. 1973 (1978 Repl.Vol. 8) provides that voluntary intoxication may not be used as a defense in general intent crimes. We hold that § 18–1–804 applies not only to the mental state of a defendant in general intent crimes but is also applicable in the analysis of a "voluntary act" as that phrase is used in the definition of criminal liability in § 18–1–502. This treat-

ment of voluntary intoxication by specific legislation is a policy choice "made within the competence of the legislature," *People v. DelGuidice, supra,* to foreclose a rule of exculpation of inebriates. *See generally,* Annot., 8 A.L.R.3d 1236 (1966). Therefore, defendant was not entitled to either of the questioned instructions.

In light of the nonavailability of the affirmative defense of intoxication, defendant's contention that the trial court erred in refusing to admit the testimony of his tendered expert witness on alcoholism need not be considered.

■ Finally, we are not persuaded by defendant's claim that there was insufficient evidence as to his mental state to support his conviction. General intent can be inferred from the facts and circumstances in a case. *People v. Cardinal,* 197 Colo. 425, 593 P.2d 966 (1979). There were sufficient facts and circumstances here for the jury to make such an inference.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.