Raymond Lee BOLLIER, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 79SC388.

Supreme Court of Colorado, En Banc.

Oct. 19, 1981.

J. Gregory Walta, Colorado State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for petitioner.

Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Donna Skinner Reed, Deputy Dist. Atty., Denver, for respondent.

ROVIRA, Justice.

Petitioner was charged with second-degree criminal trespass, section 18–4–503, C.R.S.1973 (1978 Repl. Vol. 8).[1] The trial court granted petitioner's pretrial motion to dismiss the charge on the ground that the statute was unconstitutionally vague and violated the requirements of due process in its application. On appeal, the Denver Superior Court reversed and remanded the cause for a trial on the merits, concluding that the petitioner failed to meet his burden of proving the statute unconstitutional. Certiorari was granted in order to consider the constitutional issue raised by the petitioner, and we now affirm the order of the superior court.

## I.

The petitioner asserts that the second-degree criminal trespass statute is void for vagueness because the language of the statute is uncertain and fails to give a fair description of the prohibited conduct, understandable by men of common intelligence, in violation of the due process clauses of the United States and Colorado constitutions. *U.S.Const.*, amend. XIV; *Colo. Const.*, art. II, sec. 25. He specifically points to the clause "unlawfully enters or remains in or upon premises" in support of his vagueness attack.

1. Section 18–4–503, C.R.S.1973 (1978 Repl. Vol. 8), reads as follows:

"A person commits the crime of second degree criminal trespass if he unlawfully enters or remains in or upon premises which are enclosed in a manner designed to exclude intruders or are fenced. Second degree criminal trespass is a class 3 misdemeanor."

The petitioner bears a heavy burden in seeking to invalidate this statute for vagueness. A statute is presumed to be constitutional, and the party challenging the statute must prove unconstitutionality beyond a reasonable doubt. *People ex rel. C.M.*, Colo., 630 P.2d 593 (1981); *People v. Albo*, 195 Colo. 102, 575 P.2d 427 (1978). Furthermore, in examining the language in question, we recognize that only a reasonable degree of exactitude can be required of the legislature in its choice of words. *People v. Blue*, 190 Colo. 95, 544 P.2d 385 (1975). *See also United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers*, 413 U.S. 548, 578–79, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796, 816 (1973) ("there are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with . . . .").

In evaluating the petitioner's vagueness charge, the test to be applied is that if persons of common intelligence can readily understand the meaning and application of the statute and if it fairly depicts the conduct forbidden it will be upheld. *People v. Gonzales*, 188 Colo. 272, 534 P.2d 626 (1975). The challenged clause, "unlawfully enters or remains in or upon premises," can be clearly understood by reference to two other sections of title 18, article 4. Section 18–4–201(3), C.R.S.1973 (1978 Repl. Vol. 8), specifically defines this clause as follows: "A person 'unlawfully enters or remains' in or upon premises when he is not licensed, invited, or otherwise privileged to do so." The word "premises," as used in criminal trespass, is further defined as "real property, buildings, and other improvements thereon . . . ." Section 18–4–504.5, C.R.S. 1973 (1978 Repl. Vol. 8).

While the statute employs technical terms, they are all adequately defined within the criminal code. Both the petitioner and the court applying the statute are given standards and guidelines so that fair notice and equal application are ensured. The statutory language meets the test set forth in *People v. Gonzales, supra,* and the petitioner has failed to meet his burden of proof.

The petitioner next contends that the definitions of first- and second-degree trespass overlap and that in certain situations the district attorney can charge a violator under either statute in his discretion. First-degree criminal trespass requires proof that a "dwelling" was unlawfully entered, section 18–4–502, C.R.S.1973 (1978 Repl. Vol. 8), while second-degree criminal trespass only requires that "premises" be unlawfully entered. In *People v. Marshall*, 196 Colo. 381, 586 P.2d 41 (1978), we considered this issue and concluded that:

"Simply because an act may violate more than one statutory provision does not invalidate the legislation in question, so long as the legislative classification is not arbitrary or unreasonable . . . ."

*People v. Marshall, supra,* at 383, 586 P.2d at 43, quoting *People v. Czajkowski,* 193 Colo. 352, 356, 568 P.2d 23, 25 (1977). Here there is a crucial distinction between first- and second-degree criminal trespass—the more serious violation requires that the premises be a dwelling. The General Assembly may exact a greater penalty for acts which it considers to be of greater social consequence. Therefore, this court will not invalidate the statute on that basis. *People v. Marshall, supra.*

## II.

The next aspect of the petitioner's vagueness challenge is based upon the statute's failure to require a culpable mental state. It is well settled that the legislature may define certain acts as being criminal without requiring proof of any culpable mental state. *People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975). However, crimes which have their origin in common law must contain a *mens rea* element. *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *People v. Washburn,* 197 Colo. 419, 593 P.2d 962 (1979); *People v. Caddy,* 189 Colo. 353, 540 P.2d 1089 (1975).

■ Second-degree criminal trespass is a crime which has its origin in common law. It is not a crime which was created to more effectively regulate activity in areas where an individual's act may have grave consequences upon the public at large or where the government may have particular problems of proof with respect to the intent element. *See* Sayre, *Public Welfare Offenses*, 33 *Colum.L.Rev.* 55 (1933) (cited in *Morissette v. United States, supra* ); *W. La Fave & A. Scott, Handbook on Criminal Law* § 31 pp. 218–23 (1972). Therefore, proof of a culpable mental state is required for a conviction under this statute.

■ The General Assembly has provided the court with guidance in the area of statutory construction with respect to culpability requirements. Section 18–1–503(2) provides that:

"Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of that offense ... if the proscribed conduct necessarily involves such a culpable mental state."

Here, the proscribed conduct, having its origin in the common law and not having been enacted pursuant to the state's regulatory power, necessarily requires a culpable mental state. The requisite mental state may be implied from the statute, *cf. Morissette v. United States, supra; United States v. United States Gypsum Co.,* 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). Therefore, we construe section 18–4–503, C.R.S. 1973 (1978 Repl. Vol. 8), as having an implied mental state of "knowingly."[2] *People v. Smith,* Colo., 620 P.2d 232 (1980); *People*

*v. Naranjo,* Colo., 612 P.2d 1099 (1980). *See also Morissette v. United States, supra.*

The judgment of the Denver Superior Court is affirmed, and the case is remanded for trial.

ERICKSON, J., dissents.

ERICKSON, Justice, dissenting:

I respectfully dissent from part I of the majority opinion. In my view, the second-degree criminal trespass statute, section 18–4–503, C.R.S.1973 (1978 Repl. Vol. 8),[1] is unconstitutionally vague.

The concept of due process embodied within the federal[2] and state[3] constitutions is based upon notions of fundamental fairness. *See Sigma Chi Fraternity v. Regents of the University of Colorado,* 258 F.Supp. 515 (D.Colo.1966). The principle of fundamental fairness is violated if a criminal statute does not fairly describe the conduct it prohibits. To withstand a constitutional attack, persons of common intelligence must be able to readily understand the meaning and application of the statute. *People v. Holloway,* 193 Colo. 450, 568 P.2d 29 (1977); *People ex rel. VanMeveren v. County Court,* 191 Colo. 201, 551 P.2d 716 (1976); *People v. Gonzales,* 188 Colo. 272, 534 P.2d 626 (1975).

In my view, by reference to the accompanying explanatory statute (section 18–4–201(3), C.R.S.1973 (1978 Repl. Vol. 8)), a person of common intelligence must speculate as to the meaning of the second-degree criminal trespass statute. Section 18–4–201(3) provides:

---

2. Section 18–1–501(6), C.R.S.1973 (1978 Repl. Vol. 8), defines "knowingly."

"(6) 'Knowingly' or 'willfully'. All offenses defined in this code in which the mental culpability requirement is expressed as 'knowingly' or 'willfully' are declared to be general intent crimes. A person acts 'knowingly' or 'willfully' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts 'knowingly' or 'willfully', with respect to a result of his conduct,

when he is aware that his conduct is practically certain to cause the result."

1. Section 18–4–503 provides:
   "A person commits the crime of second degree criminal trespass if he unlawfully enters or remains in or upon premises which are enclosed in a manner designed to exclude intruders or are fenced. Second degree criminal trespass is a class 3 misdemeanor."

2. *U.S.Const.,* amend. XIV.

3. *Colo.Const.,* art. II, sec. 25.

"A person 'unlawfully enters or remains' in or upon premises when he is not licensed, invited, or otherwise privileged to do so...."

The phrase "otherwise privileged" is neither commonly used nor easily understood by a layperson. It is simply too vague and too uncertain to adequately describe the conduct prohibited by the second-degree criminal trespass statute. As presently defined, an innocent person may be subjected to criminal penalties by an inability to fully understand the proscriptions of the crime or by a reasonable failure to understand that certain acts may be prohibited by the statute. The wording of the statute is so broad that it includes even inadvertent trespasses, regardless of intent or purpose. Further, the violation is solely determined by one person exercising judgment as to whether an intrusion did occur.

Accordingly, I would reverse the order of the superior court.