Raymond E. Aldrich, Jr., J.
The defendant John Irwin Jorfes moves to dismiss indictment No. 22/72, dated February 15,1972, charging him with the crimes of manslaughter in the first and second degree, Class B and C felonies respectively, upon the grounds that his prior indictment for the samé criminal acts was dismissed by a Judge of this court without leave to resubmit, and therefore his reindictment is invalid.
An analysis of the factual background in this case reveals that the defendant was originally charged with the same two crimes as above indicated by indictment No. 18/71, dated May 5, 1971, in language identical with that used in indictment No. 22/72; *731 that the defendant secured a copy of his testimony before the Grand Jury which brought in the first indictment, .and he then moved for an order of dismissal upon the grounds that he was deprived of a fair hearing before the Grand Jury and that his constitutional rights were violated as a result of the remarks and conduct of the Assistant District Attorney during the Grand Jury proceeding; that on December 29, 1971 another Judge of this court in deciding the motion adversely to the People held “ that the actions of the assistant district attorney in the presence of the grand jury and thereafter may have been prejudicial to this defendant’s case ”, and therefore, he dismissed indictment No. 18/71; that subsequent to the dismissal, the People moved on January 10, 1972 upon an ex parte application based upon an affidavit of an Assistant District Attorney for an order authorizing a resubmission of the facts forming the basis of the charges contained in the original indictment No. 18/71 to the January-February, 1972 Grand Jury, which motion was granted by order dated January 12, 1972; that the aforesaid motion for permission to resubmit was not made upon notice to the defendant, and his attorney was only given a copy of the order granting permission on February 23, 1972, even though previously thereto on February 15, 1972 the defendant had been reindicted for the same acts by the indictment now sought to be dismissed.
In the instant motion to dismiss, the defendant stresses that he received no notice of the application to resubmit, and that the Judge who granted permission to resubmit did not set forth his reasons for doing so, further contending that the statutory authority for the resubmission must have been in the interest of justice, pursuant to paragraph (i) of subdivision 1 of CPL 210.20.
The District Attorney contends that the original dismissal was grounded upon the determination that the Grand Jury proceedings failed to conform to the requirements of CPL article 190 since they were defective (CPL 210.20, subd. 1, par. [c]) by virtue of the fact that the integrity of the Grand Jury was impaired and prejudice to the defendant resulted (CPL 210.35, subd. 5).
The defendant’s reliance upon the contention that the original indictment was dismissed pursuant to paragraph (i) of subdivision 1 of CPL 210.20 is misplaced. A scrutiny of the decision of December 29,1971 reveals that the Judge based his dismissal upon the prejudicial conduct of the Assistant District Attorney and not because he felt in his judicial discretion that compelling factors, considerations or circumstances demonstrated that *732 conviction or prosecution would result in injustice (CPL 210.40, subd. 1); but rather on the contrary, he held that the integrity of the Grand Jury process itself was impugned (CPL 210.20, subd. 1, par. [e], and 210.35, subd. 5), and no other rational basis for dismissal may be found.
The authority to resubmit in a case of dismissal under paragraph (c) of subdivision 1 of CPL 210.20 is authorized in subdivision 4 thereof which provides that “ the court may, upon application of the people, in its discretion authorize the people to submit the charge or charges to the same or another grand jury”, and this is exactly what the Judge did in his order,of January 12,1972.
The defendant’s argument that the order of resubmission is void for its failure to set forth the reasons therefor can be easily resolved by a reading of subdivision 2 of CPL 210.40 providing for dismissal in furtherance of justice, and subdivision 4 of CPL
210.20 providing for resubmission. The language of these statutes clearly indicates that when an indictment is dismissed in the interest of justice, the court must set forth its reasons therefor upon the record; however, no reasons at all need be recited in an order for resubmission under subdivision 4 of CPL 210.20.
The argument of the defendant that the resubmission application is invalid for failure to give him notice thereof is untenable. While subdivisions 1, 2 and 3 of CPL 210.20 specifically refer to a “ motion ” pursuant to such subdivisions, peculiarly enough the language of subdivision 4 refers only to an “ application ”. A motion naturally assumes, contemplates and requires the giving of notice to an adversary of the relief sought and such an interpretation has long been adhered to, and the failure to give such notice normally defeats the granting of relief under a motion. The draftsmen of subdivision 4 of CPL
210.20 obviously declined to use the normal medium of the “ motion ” in a situation allowing resubmission, in the court’s discretion, to another Grand Jury after dismissal, and apparently deliberately chose to permit such a course of action solely upon the ‘ * application of the people ’ ’ without requiring any notice whatsoever being given to the -defendant (CPL 210.20, subd. 4). This court finds no violation of the defendant’s rights - to due process in this construction of the statute under the circumstances in this case, as the District Attorney has only sought to resume the accusatorial process to which the defendant may thereafter respond by challenge in accordance with the statutory legal procedures available to him under the safeguards of our Federal and State Constitution.
*733 For the foregoing reasons, the motion to dismiss is denied.
So ordered.
Notwithstanding the foregoing, the defendant’s oral and written request to move under CPL 210.30 is granted.