## No. 28191

**The People of the State of Colorado v. Robert Piskula, Jr.**

(595 P.2d 219)

Decided February 13, 1979.

William D. Harmsen, District Attorney, Reid Pixler, Deputy, for plaintiff-appellant.

Woodrow, Roushar, Weaver & Withers, Victor T. Roushar, for defendant-appellee.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The People appeal the trial court's order granting the defendant's pre-trial motion to dismiss both counts of the information for felony theft under section 18-4-401, C.R.S. 1973. The trial court held that the action constituted a criminal prosecution for a civil debt in violation of *Colo. Const.* Art. II, Sec. 12. We reverse and remand for further proceedings.

In February of 1977 the defendant contracted with Roland and Virginia Beavers (Beavers) to construct a residence. In April of that year the defendant presented the Beavers with a bill which included an itemized list of materials used in the construction of the house. That bill totaled $12,011.45 and was paid in full to the defendant by the Beavers.

The People allege the following facts: that the defendant falsely represented that he was the materialman who had provided the items listed in the bill when in fact Grand Mesa Lumber Company was the materialman; that the actual cost of the items was $11,111.45; that the $900.00 difference between the cost of the items and the price charged the Beavers for the items was a deliberate overcharge; that no portion of the $12,011.45 has been given to the Grand Mesa Lumber Company or returned to the Beavers.

Count I of the information charged the defendant with felony theft of the $11,111.45 under section 18-4-401, C.R.S. 1973. Count II of the information charged the defendant with felony theft of the $900.00 under the same statute.

A coordinate statutory basis for count I, as alleged by the People, is section 38-22-127, C.R.S. 1973, which provides in pertinent part:
"(1) All funds disbursed to any contractor or subcontractor under any building, construction or remodeling contract or any construction project shall be held in trust for the payment of the subcontractor, material

suppliers, or laborers who have furnished materials, services or labor, who have a lien, or may have a lien, against the property, or who claim, or may claim, against a principal and surety under the provisions of this article and for which such disbursement is made.

. . . . .

"(5) Any person who violates the provisions of subsections (1) and (2) of this section commits theft, as defined in section 18-4-401, C.R.S. 1973."

The trial court dismissed both counts on the basis that the information constituted a criminal prosecution for a civil debt as prohibited by *Colo. Const.* Art. II, Sec. 12, which states:

"No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases of tort or where there is a strong presumption of fraud."

The issue raised in this appeal is whether or not this prosecution under section 18-4-401, C.R.S. 1973, violates the constitutional provision cited above.

Both the People and the defendant submit citations to cases and law dictionaries construing the word "debt" to fit their respective positions. We find it unnecessary to consider the proper definition of that word, for the crucial inquiry in construing *Colo. Const.* Art. II, Sec. 12, with section 18-4-401, C.R.S. 1973, under the facts of this case is not the definition of debt but rather the existence of fraud.

■ The critical factor in determining whether or not a criminal prosecution falls within the fraud exception to this constitutional prohibition is the existence of the intent to defraud as an element of the offense. In *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972), we held that a prosecution under C.R.S. 1963, 40-14-20, as amended by Colo. Sess. Laws 1970, ch. 48 (the bad check statute), violated this constitutional provision because the intent to defraud was not a requisite element of the offense. By contrast, in *People v. Ausley,* 185 Colo. 256, 523 P.2d 460 (1974), we held that a prosecution under 1965 Perm. Supp., C.R.S. 1963, 68-1-1 (the innkeepers statute), was constitutional because the intent to defraud was an element of the offense.

The defendant argues that because section 38-22-127, C.R.S. 1973, does not specifically require an intent to defraud, a prosecution thereunder violates Article II, Section 12. We disagree.

This is not a prosecution under 38-22-127; rather, the terms of that statute dictate that any violation thereof must be prosecuted under section 18-4-401. Thus, the inquiry here is not whether the intent to defraud is an element of section 38-22-127, but whether such intent is required to sustain a prosecution under section 18-4-401.

■ This court held in *Sandoval v. People,* 176 Colo. 414, 490 P.2d 1298 (1971), that any prosecution for theft requires proof of intent to

permanently deprive another of the use or benefit of a thing of value. When the means used to perpetrate this theft are those of deception, the requisite mental state is necessarily the intent to defraud. This element need not be alleged in the information, but it must be proven in order to sustain a conviction. *People v. Ingersoll,* 181 Colo. 1, 506 P.2d 364 (1973). It need not be proven by direct substantive evidence, but can be inferred from the defendant's conduct and the circumstances of the case. *People v. Becker,* 187 Colo. 344, 531 P.2d 386 (1975).

■ Because the intent to defraud must be proven in order to convict the defendant under the facts as alleged by the People, this prosecution does not conflict with the constitutional prohibition of imprisonment for civil debt. It is clear that this intent, as well as the other elements of fraud, could be inferred from the facts alleged. We thus find that the trial court erred in dismissing this prosecution.

The defendant has presented several other arguments in support of his position to this court. Because those contentions were not submitted to the trial court, we do not reach them.

Accordingly, the trial court's ruling is reversed, and the cause is remanded with directions to reinstate both charges against the defendant and for further proceedings consonant with the views expressed herein.

MR. CHIEF JUSTICE HODGES and MR. JUSTICE ERICKSON do not participate.