The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Michael Thomas BRAND and Cathy Hoffman Brand, Defendants-Appellants.

No. 78–354.

Colorado Court of Appeals, Div. III.

Nov. 29, 1979.

Rehearing Denied Dec. 20, 1979.

Certiorari Denied April 7, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Richard M. Jones, Sp. Deputy State Public Defender, Denver, for defendants-appellants.

VAN CISE, Judge.

Defendants, Michael and Cathy Brand, appeal their convictions on two felony counts of violating the provisions of § 38–22–127, C.R.S. 1973 (1978 Cum.Supp.). We reverse.

Defendants, as general contractors, built and sold a house and received the net sale price from their buyers. Subsequently mechanics' liens statements for unpaid construction bills were filed against the property by a subcontractor and a material supplier. When these lien claimants were not paid, a criminal information was filed in which these defendants were charged with violating § 38–22–127, C.R.S. 1973 (1978 Cum.Supp.). It was alleged that they knowingly failed to hold funds distributed to them as contractors in trust for payment of these lien claimants.

The statute provides, in pertinent part: "(1) All funds disbursed to any contractor or subcontractor under any building,

**818**

construction, or remodeling contract or on any construction project shall be held in trust for the payment of the subcontractors, material suppliers, or laborers who have furnished materials, services, or labor, who have a lien, or may have a lien, against the property, or who claim, or may claim, against a principal and surety under the provisions of this article and for which such disbursement was made.

. . . . .

"(5) Any person who violates the provisions of subsections (1) and (2) of this section commits theft, as defined in section 18–4–401, C.R.S. 1973."

The People's evidence consisted mainly of the facts set forth above. There was no attempt to prove that any funds had been improperly disbursed by the contractors or that defendants had in any manner, other than as described above, acted in such a way as to satisfy any of the elements of theft as defined in § 18–4–401, C.R.S. 1973 (1978 Repl. Vol. 8).

Defendants contend that, on the evidence presented, they were entitled to judgments of acquittal. We agree.

Section 38–22–127, C.R.S. 1973 (1978 Cum.Supp.) is not in itself a criminal statute. Any violation of it must be charged and prosecuted as a violation of § 18–4–401, C.R.S. 1973 (1978 Cum.Supp.), the theft statute. *People v. Piskula*, Colo., 595 P.2d 219 (1979). Section 38–22–127, C.R.S. 1973 merely defines conduct that will be considered theft under § 18–4–401, C.R.S. 1973 (1978 Repl. Vol. 8). In order to convict, the prosecution must not only charge, but must prove each of the general elements of the crime of theft as set out in section 401(1) of that statute, including the requisite intent. Since the People did not charge a violation of the theft statute and did not prove the elements of that crime, defendants' motion for judgment of acquittal should have been granted.

In view of this disposition, we do not address the other claims of error raised by defendants.

The judgments are reversed, and the cause is remanded with directions to grant defendants' motion for judgment of acquittal.

SMITH and STERNBERG, JJ., concur.