**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Ron J. ERICKSON, Defendant-Appellant.**

**No. 82CA1430.**

Colorado Court of Appeals, Div. II.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hetherington, Stromer & Larkin, Duane L. Stromer, Frisco, for defendant-appellant.

SMITH, Judge.

Defendant, Ron J. Erickson, was charged with theft, § 18-4-401, C.R.S. (1978 Repl. Vol. 8), based upon an alleged violation of the Contractor Trust Fund Statute, § 38-22-127, C.R.S. (1982 Repl.Vol. 16A). He appeals his jury conviction. We reverse and remand for a new trial.

The pertinent facts are essentially undisputed. The owner of property contracted with Erickson's construction company to construct an addition to his home. During the course of construction Erickson submitted to the owner two "draw" statements reciting that in the course of the construction, specific liabilities to certain subcontractors and materialmen had been incurred. The total amounts claimed were paid to Erickson by the owner. When it became apparent that some of the materialmen and subcontractors had not been paid the amounts the owner had paid to Erickson, the instant prosecution for theft ensued.

Although Erickson has alleged several specific errors, they all fall within the ambit of a single issue: Was Erickson deprived of the opportunity fully to present his theory of defense? We hold that he was.

Erickson is correct in asserting that each of the essential elements of theft as set forth in § 18-4-401, C.R.S. (1978 Repl.Vol. 8) must be proven beyond a reasonable doubt. This is true even where theft is sought to be proven by showing a violation of § 38-22-127, C.R.S. (1982 Repl. Vol. 16A). *People v. Brand,* 43 Colo.App. 347, 608 P.2d 817 (1979). Specific intent is an essential element of the crime of theft. *People v. Piskula,* 197 Colo. 148, 595 P.2d 219 (1979). Thus, the theory of Erickson's

defense case was that he lacked the specific intent to deprive the owner permanently of the use and benefit of the funds entrusted to him and therefore he did not commit the crime.

A defendant has the requisite intent to commit the crime of theft if his intended use of another's money is inconsistent with the owner's use and benefit. *People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977). Based on this rule, Erickson argues that he was entitled to present evidence to show that all moneys which he received from the owner were disbursed to laborers, subcontractors, or materialmen who worked on the owner's project, or that the funds were otherwise accounted for and were applied to satisfy the owner's obligations relative to the project. He contends that if he had been able to present evidence to this effect, the jury could have found that there existed a reasonable doubt on the intent issue.

At an *in limine* hearing, the trial court ruled that Erickson would be precluded from introducing any evidence or testimony about payments made to materialmen which were not itemized on the two draw statements. This ruling effectively prevented Erickson from presenting evidence indicating that he did not intend to commit theft of the funds given him by the owner and also presaged the trial court's ultimate refusal to give an instruction on Erickson's theory of the case.

During the trial, despite the court's prior ruling precluding evidence relating to Erickson's lack of intent, Erickson was able, during re-direct examination, to have a single exhibit admitted which indicated that some of the money he had received from the owner was used to apply to certain debts incurred in the construction. Other than this single instance he was effectively barred from introducing such evidence.

We hold that by its rulings, both prior to and during trial, the trial court, except in the one instance referred to, precluded Erickson from introducing evidence relating to the material element of intent

and thus effectively precluded him from attempting to establish what was a legitimate defense to the charge. This constituted reversible error.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

KELLY and STERNBERG, JJ., concur.