■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES C. GRAFTON, Respondent.—Order unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: A review of the minutes of the hearing and of the Grand Jury proceedings shows unmistakably that the prosecutor in presenting the case to the Grand Jury and in her contacts with witnesses before their testimony, introduced irrelevant and prejudicial evidence concerning several instances of illegal conduct on the part of defendant, intimidated witnesses whose testimony would have been helpful to defendant, asked witnesses irrelevant and improper questions of a highly personal nature in an effort to embarrass them, and deliberately confused and deceived witnesses and the Grand Jury by selective presentation of evidence. We agree that such deplorable tactics warranted dismissal of the indictment. It was error, however, to base the dismissal on the grounds set forth in CPL 210.20 (1) (h) (that there "exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged"). The dismissal should have been under CPL 210.20 (1) (c) (that the "grand jury proceeding was defective, within the meaning of section 210.35") *(see, People v Rao,* 53 AD2d 904, 905-906; *People v Steinhilber,* 71 Misc 2d 730). Had the court founded its dismissal on this paragraph, it could, in the exercise of its discretion, have authorized the People to submit the charges to another Grand Jury (CPL 210.20 [4]). Accordingly, the order is modified to provide that the dismissal is for reasons stated in CPL 210.20 (1) (c). In view of the seriousness of the charges (rape in the first degree and assault in the first degree) and the fact that the crime committed was particularly atrocious and resulted in serious personal injuries, we, in the exercise of our discretion, modify the order to include a provision authorizing the

People to submit the charges to another Grand Jury. As a condition of such authorization, the order should provide that the prosecution be precluded from using in any way, either in new Grand Jury proceedings or during the trial, any of the testimony elicited from witnesses before the Grand Jury concerning the time of airing of the television program "Different Strokes". (Appeal from order of Supreme Court, Erie County, Kasler, J.—dismiss indictment.) Present—Dillon, P. J., Hancock, Jr., Callahan, Pine and Schnepp, JJ.