■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRAVINCHANDRA V. MEHTA, Respondent. Memorandum: The People appeal from an order of County Court dismissing an indictment. Defendant, a physician, was charged with 2 counts of grand larceny in the second degree and 11 counts of offering a false instrument for filing in the first degree as a result of billings he made to Medicaid and Niagara County between 1982 and 1985. The indictment alleged that by submitting improper codes (upcoding), defendant claimed he had performed comprehensive examinations on Medicaid patients when, in fact, only routine office visits had occurred resulting in an overpayment to defendant in excess of $20,000. The indictment also alleged that defendant double-billed Medicaid and Niagara County for physical examinations and related medical services he rendered to public assistance recipients applying for a county public works project. County Court erred in dismissing the indictment.

An indictment is presumed to be valid *(People v Bergerson,* 17 NY2d 398, 402). On this record the evidence before the

Grand Jury, when viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury (see, People v Pelchat, 62 NY2d 97, 105). The People sufficiently established a prima facie case of defendant's larcenous intent on each count of the indictment by testimony from past and current employees of the defendant that billings were submitted at defendant's direction with knowledge that they were improper (see, Penal Law § 155.05 [1]; § 155.00 [3], [4]; People v Jennings, 69 NY2d 103, 114-115). Assessment of the adequacy of this proof to establish reasonable cause to believe that defendant committed the crimes charged was within the province of the Grand Jury (People v Sabella, 35 NY2d 158, 167). The credibility of defendant's testimony that he mistakenly interpreted the Medicaid billing codes is for the fact finder at trial to resolve (see, People v Marrero, 69 NY2d 382).

The court also erred in finding that the prosecutor's conduct before the Grand Jury was improper. A review of the Grand Jury minutes reveals that the prosecutor and the Grand Jury were fulfilling their investigatory roles and no improper practices occurred (see, CPL 210.35 [5]; People v Rao, 73 AD2d 88, 97; cf., People v Grafton, 115 AD2d 952). We have considered the remaining issue raised and find it to be without merit. (Appeal from order of Niagara County Court, Hannigan, J.—dismiss indictment.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.