**The PEOPLE of the State of Colorado, Plaintiff–Appellant and Cross– Appellee,**

**v.**

**Paul D. FREDA, Defendant–Appellee and Cross–Appellant.**

**No. 89CA1855.**

Colorado Court of Appeals, Div. V.

July 5, 1991.

Rehearing Denied Aug. 1, 1991.

**590**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary E. Risko, Asst. Atty. Gen., Denver, for plaintiff-appellant and cross-appellee.

Springer and Steinberg, P.C., Jeffrey A. Springer, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge DAVIDSON.

Defendant, Paul D. Freda, is a psychiatrist who has treated Medicaid patients in group and individual therapy sessions. After an investigation by the Medicaid Fraud Control Unit, defendant was charged and tried before a jury on three counts of theft by deception and four counts of offering a false instrument for recording in the first degree. These charges arose out of defendant's Medicaid billing practices and were premised on allegations that defendant had billed Medicaid for individual therapy sessions when, in fact, either the less costly group therapy session or no therapy at all had been provided to the Medicaid patient.

Although the jury acquitted defendant on the theft charges, it found him guilty on the false instrument charges. On defendant's motion, the trial court found that these verdicts were inconsistent and entered judgment of conviction on the reduced charges of offering a false instrument for recording in the second degree, which do not require an intent to defraud. The People appeal the entry of the judgment of conviction on reduced charges, and defendant cross-appeals. We affirm.

## I.

■ The People's main contention on appeal is that the trial court erred in finding that the verdicts were inconsistent. We disagree.

At trial, defendant admitted filing the claims and receiving the Medicaid funds in question. He also admitted to billing for individual therapy when group therapy had been provided. Defendant, however, defended these billings by claiming that he believed he was entitled to bill Medicaid for the higher individual rate because he did not bill for the extra time he spent with his patients outside of group therapy, such as during times of crisis and off hours.

The trial court found that the same evidence was offered to support both the theft and false instrument charges. Inferentially, the trial court also found, and defendant agrees, that the only issue defendant disputed at trial was whether he had the requisite intent to commit the crimes. The trial court then concluded that, because the intent element was the same for both types of charges, the verdicts were inconsistent and, accordingly, entered judgments of conviction on lesser included false instrument charges, which do not require proof of intent to defraud. Although an acquittal on a theft charge and a verdict of guilty on a false instrument charge are not necessarily inconsistent, under the facts of this case, we agree with the trial court's conclusion.

■ In general, "jury verdicts will not be reversed for inconsistency if the crimes charged required different elements of proof, and the jury could ... find from the very same evidence that the element of one crime was present while at the same time finding that the element of another charged crime was absent." Thus, if the elements of the offenses charged are different, and a jury could entertain a reasonable doubt on any one element, "a verdict of guilty on one offense and acquittal on the other is not inconsistent." *People v. Strachan*, 775 P.2d 37 (1989).

Here, the jury was properly instructed on the charges of theft and offering a false instrument in the first degree. The relevant elements of the class 4 felony crime of theft by deception under which defendant was charged are:

(1) that defendant knowingly obtained or exercised control over anything of value which was the property of another,

(2) by deception, and

(3) with intent to permanently deprive the other person of the use or benefit of the thing of value, and

(4) the aggregate value of the thing involved is $300 or more, but less than $10,000, as a result of the defendant having committed theft two or more times within six months.

Sections 18–4–401(1)(a) and (4), C.R.S. (1986 Repl.Vol. 8B).

The relevant elements for the charged crime of offering a false instrument for recording in the first degree are that:

(1) the defendant

(2) presented or offered to a public office or employee,

(3) a written instrument directly affecting contractual relationships,

(4) with knowledge that the instrument contained a material false statement or material false information,

(5) with intent to defraud, and

(6) with knowledge or belief that the instrument would be registered, filed, or recorded, or become part of the records of that public office.

Section 18–5–114(1), C.R.S. (1986 Repl.Vol. 8B).

### A.

■ The People first argue that the intent element in the theft charge is not identical with the intent element of offering a false instrument. Thus, according to the People, the jury could have found that defendant did not have the requisite intent to commit theft, but did intend to defraud by offering a false instrument for recording. We disagree.

Defendant here was charged under § 18–4–401(1)(a) with theft by deception with the intent to deprive another permanently of a thing of value. And, in *People v. Piskula*, 197 Colo. 148, 595 P.2d 219 (1979), the court stated that in any prosecution under this statutory subsection, "the requisite mental state is necessarily the intent to defraud." *See also People v. Quick*, 713 P.2d 1282 (Colo.1986) (Although not all charges of theft by deception require proof of intent to defraud, theft by deception with an intent to deprive another of his or her property permanently requires such an intent.)

Thus, because the requisite intent element in offering a false instrument in the first degree is also an intent to defraud, we conclude that the intent element of these charges is identical. Therefore, it would be inconsistent to conclude that defendant had the requisite intent to commit the false instrument charge but not the intent to commit theft, as charged here.

### B.

■ The People also argue that the verdicts are not inconsistent because the jury could have found that the People did not prove that defendant had improperly received at least $300, which was an element in the theft charge. Although the People admit that defendant "conceded [his] receipt of and exercise of control over the funds in question," they argue that defendant nevertheless placed the issue of value into dispute (1) by introducing evidence that the Medicaid reimbursements were only one-half his usual charge and (2) by introducing evidence of unbilled services when challenging the People's calculation of services which had been billed for but not provided.

Defendant argues, however, that this evidence was introduced only to show that he lacked the requisite mental state to commit the crimes charged, and this, defendant asserts, was the only element of the charges he disputed at trial. Accordingly, defendant points out, the jury was instructed that: "[I]t is the defendant's theory of the case that he did not knowingly and unlawfully take the property of another or intend to defraud the state...."

A careful review of the record shows that, in fact, this evidence was introduced to prove that defendant did not have the requisite intent to commit the crimes charged and not, as the People suggest, to

put the amount of the monies wrongfully received by defendant into dispute.

Here, it is important to note that defendant did not attempt to show that if he had billed for all the time he actually spent with his patients, the amount he would have received would be equal to the amount he actually received from Medicaid. Nor did the defendant dispute that he received any of the amounts in question. To the contrary, defendant admitted that he received these funds, but argued that he thought he was entitled to them even though he had used improper billing procedures.

Moreover, there was no evidence from which the jury could have found that the amount improperly received by defendant was less than $300. Here, the People provided the jury an itemized list which showed that for each of the three theft counts, the defendant received in excess of $1000. And, there was simply no evidence in the record from which the jury could have determined that defendant was entitled to some of these amounts, but not entitled to others.

Therefore, since the record shows that the only disputed issue in this case was whether defendant had the requisite intent to commit the charged crimes, and the intent element is the same for each charge, we conclude that under the circumstances of this case, a verdict of guilty on offering false instrument charges and acquittal on the theft by deception charges are inconsistent.

## II.

■ In his cross-appeal, defendant first argues that, according to Crim.P. 29(c), the trial court had jurisdiction only to vacate the convictions on the first degree false instrument charges, but not to enter judgments of convictions on false instrument charges in the second degree. We disagree.

All of the elements of offering a false instrument for recording in the second degree are included in the more serious offense of offering a false instrument for recording in the first degree. *See* § 18–5–114(1) and (2), C.R.S. (1986 Repl.Vol. 8B).

Thus, defendant's "guilt of the lesser included offense is implicit and part of the jury's verdict," *People v. Patterson,* 187 Colo. 431, 532 P.2d 342 (1975), and therefore, the trial court had jurisdiction to enter judgment of conviction on these lesser included offenses. *People in Interest of R.G.,* 630 P.2d 89 (Colo.App.1981); *see People v. Patterson, supra.*

## III.

Defendant next argues that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence to sustain his convictions on the false instrument counts. Specifically, defendant argues that he could not be convicted on these charges because there was no evidence that he personally presented or offered the Medicaid claim forms to a public officer or public employee. We do not agree.

Defendant's Medicaid billings were prepared by a billing service known as D's Enterprise. At trial, defendant admitted that he had instructed this service to bill for individual therapy when only group therapy had been provided. In addition, the evidence showed that after the forms were prepared, they were returned to defendant's office where either defendant reviewed and signed them or his receptionist would affix defendant's signature stamp verifying the forms' truthfulness. The billing employee would then pick the forms up and mail them to the Medicaid office.

■ Essentially, defendant argues that, because he did not personally mail or present these forms to Medicaid, he cannot be charged with offering these false instruments for recording. We do not agree with such a literal interpretation of this statute.

The Colorado statutory section governing the crime of offering a false instrument for recording was adopted almost verbatim from the New York statute governing the same offense. *See* 1971 Perm.Supp., C.R.S.1963, 40–5–114 (Official Comment). Consequently, we look to the construction the New York courts have placed upon this

statute for guidance in interpreting our own statute. *See People v. Parga*, 188 Colo. 413, 535 P.2d 1127 (1975).

The New York courts have repeatedly refused the literal interpretation urged by defendant. To the contrary, in interpreting the same language as appears in our false instrument statute, the court in *People v. Bel Air Equipment Corp.*, 39 N.Y.2d 48, 346 N.E.2d 529, 382 N.Y.S.2d 728 (1976)· held that the use of an intermediary to file a false instrument with a public office will not insulate a person from liability. *See also People v. Mehta*, 140 A.D.2d 987, 529 N.Y.S.2d 657 (1988) (larcenous intent shown by testimony of employees that billings were submitted at defendant's direction); *People v. Alizadeh*, 87 A.D.2d 418, 452 N.Y.S.2d 425 (1982) (defendant not sufficiently connected with submission of false instruments when evidence failed to show he was responsible for the billings or had instructed anyone to prepare them and neither his name nor signature appeared thereon).

In our view, to adopt the approach suggested by defendant would, in effect, defeat the statute's purpose by granting immunity to any defendant so long as he persuaded an intermediary to mail or present the false instrument to the public office. *See B.B. v. People (In Interest of T.S.B.)*, 785 P.2d 132 (Colo.1990) (statute should be construed to make it effective in accomplishing purpose for which it was enacted). Accordingly, we agree with the approach taken by the New York courts and expressly adopt it here.

■ Therefore, because there was evidence that defendant directed the billings to be prepared with the false information and that he had knowledge that these forms would be submitted to Medicaid on his behalf, we conclude the trial court did not err in finding there was sufficient evidence that defendant "offered or presented" these instruments.

### IV.

■ Defendant next contends that the trial court erred in denying his motion to require the People to elect which entries on each of the four Medicaid claim forms constituted the "material false information" element of the false instrument charge.

Relying on *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980), defendant argues that because the People were not required to select one allegedly false statement on which to base each charge, some jurors may have believed that one entry was false while other jurors believed a different entry was false. Thus, defendant argues, he may have been deprived of a unanimous verdict. The People argue, however, that all of the entries on the forms were false, and thus, there was no need to make an election. The trial court denied defendant's motion, finding that the jury could consider each form as a whole to determine whether they contained materially false information. We agree with the trial court.

Unanimity in a verdict does not mean that jurors are required "to be in agreement as to what particular evidence is believable or probative on a specific issue or element of a crime, particularly where there is evidence to support alternative theories as to how an element of a crime came to occur." Rather, "unanimity [requires] only that each juror agrees that each element of the crime charged has been proven to that juror's satisfaction beyond a reasonable doubt." *People v. Lewis*, 710 P.2d 1110 (Colo.App.1985).

Here, if each juror was convinced beyond a reasonable doubt that the forms contained material false information, then they were unanimous in concluding that every element of the charge had been proven. It was not necessary that each juror agree that each alleged statement was false, only that they agreed that each form, as a whole, contained material false information. Thus, the general unanimity instruction given here was sufficient. *See People v. Lewis, supra.*

Defendant's reliance on *People v. Estorga* is misplaced. In that case, the court held that if there is evidence of many acts, any one of which would constitute the offense charged, then the People may be compelled to specify the single act on

which they rely for conviction. The court reasoned that such an election is necessary to assure that all the jurors convict on the basis of the same act.

In this case, however, the separate entries on the Medicaid claim forms are not "evidence of many acts, any one of which would constitute the offense charged." To the contrary, the operative act charged here was the act of offering the false instrument to a public office. Accordingly, each count specifies the one false document that was offered as the basis for that charge. And, because there is only one transaction charged in each count, no election of acts was necessary. *See People v. Collins*, 730 P.2d 293 (Colo.1986).

Here, as required in *People v. Fueston*, 749 P.2d 952 (Colo.1988), the People specified which statements on each claim form they were alleging to be false. They were required to do no more.

Accordingly, the trial court did not err in denying defendant's motion to compel an election.

## V.

█ Finally defendant argues that the trial court erred in denying his motion for a new trial. Specifically, defendant contends that, although information about a house owned by defendant was suppressed by the court, the prosecution impermissibly referred to this information twice during the course of the trial. These acts, defendant argues, require a new trial.

However, as defendant concedes, this information went only to the issue of whether defendant had the requisite intent to commit the charged crimes. And, as defendant was not convicted of a crime which contained an intent element, the error could not have affected the result here, and thus, it was harmless. *See Gray v. Houlton*, 671 P.2d 443 (Colo.App.1983).

Judgment affirmed.

JONES and NEY, JJ., concur.