**BECKER & TENENBAUM, an Illinois general partnership; J. Samuel Tenenbaum, an individual, Tenenbaum & Senderowitz, an Illinois general partnership, and Stephen J. Senderowitz, in individual, Plaintiffs–Appellees,**

v.

**EAGLE RESTAURANT COMPANY, INC., a Colorado corporation, and David C. Dowell, an individual, Defendants–Appellants.**

No. 96CA1313.

Colorado Court of Appeals, Div. III.

Oct. 2, 1997.

Baker & Hostetler, LLP, Cassandra G. Sasso, Denver, for Plaintiffs–Appellees.

Merrick, Calvin & Merker, LLP, Glenn W. Merrick, Dean A. Gonsowski, Denver, for Defendants–Appellants.

Opinion by Judge HUME.

Defendants, Eagle Restaurant Company, Inc. (Eagle) and David C. Dowell, appeal the judgment entered against them in favor of plaintiffs, Becker & Tenenbaum, J. Samuel Tenenbaum, Tenenbaum & Senderowitz, and Stephen J. Senderowitz. We affirm in part and reverse in part.

Defendant Dowell and his partner were the sole shareholders in Eagle through which they owned and operated a restaurant. The partner had incurred a substantial debt to plaintiffs as a result of defending criminal proceedings in another state. To pay this debt, the partner assigned to plaintiffs promissory notes payable to him by Eagle. Payments by defendants on the assigned notes fell into default. A settlement agreement for repaying the assigned notes was entered into by defendants and plaintiffs. The partner was not a party to the settlement negotiations or the resulting agreement. Defendants subsequently issued a check to plaintiffs under the terms of the agreement.

For reasons unrelated to the agreement, plaintiffs returned the check to defendants for certification. During this same period, the restaurant was experiencing financial difficulties, and it became apparent to defendants, after entering into the settlement agreement and after issuance of the check, that Eagle would not continue in business. Although a decision was made to dissolve the corporation and the assets were liquidated to pay off its trade creditors, no formal statement of dissolution was filed.

Acting upon advice of counsel, defendants did not certify the check or return it to plaintiffs. The funds were later disbursed to other creditors.

I.

Defendants first contend that the trial court erred in determining that they committed civil theft. They argue that they could not knowingly have exercised control over plaintiffs' check so as to deprive them permanently of its use or benefit because certifying and returning the check to plaintiffs would have constituted a preferential transfer for the partner's benefit. We disagree.

■ A person who knowingly uses, conceals, or abandons a thing of value in such a way as to deprive another permanently of its use or benefit commits theft. Section 18–4–401(1)(b), C.R.S.1997; *People v. Anderson,* 773 P.2d 542 (Colo.1989).

■ It is not necessary that a person maintain absolute control over the thing of value. It is sufficient that the intended use of such thing be inconsistent with the owner's use or benefit. *People v. Treat,* 193 Colo.

570, 568 P.2d 473 (1977); *People v. Lewis,* 710 P.2d 1110 (Colo.App.1985).

■ A mistaken belief that one's conduct is legal does not relieve a person of criminal liability for engaging in proscribed conduct. Section 18–1–504(2), C.R.S.1997; *People v. Mendro,* 731 P.2d 704 (Colo.1987)(defendant, acting on advice of accountant and ignorant of statute, did not retain funds in trust for subcontractor payments as required by statute).

■ Here, defendants knowingly retained the check that had been sent to them for certification believing that payment under the settlement agreement would constitute a prohibited preferential transfer for the partner's benefit. However, under the terms of both the original assignment and the settlement agreement, the amount owed had become a debt of the corporation before Eagle became insolvent. Although payment of the check might incidentally benefit the partner, such incidental benefit is not a preferential transfer. *See West v. Hanson Produce Co.,* 6 Colo.App. 467, 41 P. 829 (1895). Even if Dowell believed in good faith that he could not certify the check without creating a preference, he could have returned the check to plaintiffs, without certification, thus restoring the status quo.

The funds represented by the check were disbursed to pay Eagle's other creditors during the period the check was wrongfully withheld, and plaintiffs were, thus, deprived of the use or benefit of the value of the check by the withholding. Hence, the trial court did not err in determining that defendants had committed civil theft. *See People v. Mendro, supra.*

## II.

■ Defendants next contend that, because they acted in good faith, the trial court erred in awarding treble damages and attorney fees to plaintiffs. We are not persuaded.

Section 18–4–405, C.R.S.1997, provides in pertinent part that:

All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property.... In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a ... good-faith holder of the property.

Here, defendants were not good-faith holders of the check returned to them for certification. Although they initially were authorized to receive the check for the limited purpose of certifying it, they were not authorized to retain it while disbursing the funds it represented to other creditors.

Accordingly, we conclude that the trial court did not err in awarding plaintiffs treble damages and attorney fees pursuant to the provisions of § 18–4–405. *See People v. Treat, supra* (although initial control may be authorized, intent to deprive may arise when such control is no longer authorized).

## III.

Defendants lastly contend that the trial court erred in awarding prejudgment interest on the treble damages portion of the judgment. We agree.

■ Treble damages and punitive damages serve similar purposes of punishment, deterrence, and promotion of private enforcement of statutes. *Lexton–Ancira Real Estate Fund v. Heller,* 826 P.2d 819 (Colo.1992)(plaintiff not allowed treble damage award and punitive damage award as they are duplicative).

■ Because a party's entitlement to punitive damages does not arise unless and until such damages are awarded by the trier of fact, *Seaward Construction Co. v. Bradley,* 817 P.2d 971 (Colo.1991), prejudgment interest is not allowed on punitive damages. *Ballow v. PHICO Insurance Co.,* 878 P.2d 672 (Colo.1994); *Emarine v. Haley,* 892 P.2d 343 (Colo.App.1994)(interest on treble damages runs from entry of judgment).

We conclude that the treble damages portion of the award was not properly subject to prejudgment interest and that the trial court erred in awarding such interest on that portion of the award.

The judgment is affirmed in all respects except that the award of prejudgment interest on the treble damages portion of the judgment is reversed.

JONES and BRIGGS, JJ., concur.