COLORADO COURT OF APPEALS                                    **2017COA89**

Court of Appeals No. 14CA1447
Jefferson County District Court No. 13CR2831
Honorable Margie L. Enquist, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Gregory James Wilson,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE DUNN
Hawthorne and Navarro, JJ., concur

Prior Opinion Announced May 18, 2017, <u>WITHDRAWN</u>

OPINION PREVIOUSLY ANNOUNCED AS "NOT PUBLISHED PURSUANT TO
C.A.R. 35(e)" ON May 18, 2017, IS NOW DESIGNATED FOR PUBLICATION

Announced June 29, 2017

Cynthia H. Coffman, Attorney General, Joseph G. Michaels, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Lisa Weisz, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Gregory James Wilson is required to register as a sex offender. After he was released from custody, he did not do so. He was then charged with — and convicted of — failure to register as a sex offender. Wilson now appeals that conviction. We affirm.

## I.    Sufficiency of the Evidence

¶ 2    Wilson contends that the evidence was insufficient to show that he knowingly failed to register as a sex offender. We disagree.

### A.    Governing Law

¶ 3    We review de novo whether the evidence is sufficient to support a conviction. *Dempsey v. People*, 117 P.3d 800, 807 (Colo. 2005). In doing so, we evaluate the evidence as a whole and in the light most favorable to the prosecution to determine whether it is substantial and sufficient to support a conclusion that the defendant is guilty beyond a reasonable doubt. *People v. Johnson*, 2016 COA 15, ¶ 16. All reasonable inferences are drawn in the prosecution's favor. *Id.*

¶ 4    A defendant is guilty of failing to register as a sex offender when, as relevant here, he does not register with his local law enforcement agency within five business days after being released

from incarceration. § 18-3-412.5(1)(a), C.R.S. 2016; *see also* § 16-22-108(1)(a)(II), C.R.S. 2016.

¶ 5　　Although the statute does not include any specific mental state, a division of this court has concluded that "the failure to register as a sex offender is not a strict liability offense but includes the mental state of 'knowingly.'" *People v. Lopez*, 140 P.3d 106, 113 (Colo. App. 2005). Knowledge requires only that the defendant knew the factual circumstances that made his conduct illegal, not the "technical understanding of the relevant statutes." *People v. Allman*, 2012 COA 212, ¶ 36.

¶ 6　　Despite the fact that the prosecution argued at trial that Wilson acted knowingly, the People now argue that failure to register is a strict liability offense and that *People v. Lopez*, 140 P.3d 106, was wrongly decided. Because we conclude that sufficient evidence supports the trial court's finding that Wilson acted knowingly, we decline to revisit *Lopez*.

### B.　Analysis

¶ 7　　Viewed in the light most favorable to the prosecution, the evidence at trial showed the following:

- upon being discharged from custody on September 23, 2013, Wilson met with his parole officer;

- his parole officer told Wilson to register as a sex offender on or before September 30;

- his parole officer gave Wilson a four-page "notice to register as sex offender" (offender notice);

- the offender notice states: "You must register during business hours within 5 business days of being released into the community or receiving this notice";

- Wilson initialed every page of the offender notice, including right below the five-day registration requirement;

- Wilson signed the offender notice, acknowledging that "[he] ha[d] received a copy of this [offender] notice, and [he understood] that [he] is required to register as a sex offender";

- Wilson admitted at trial that he understood the provision requiring him to register within five days;

- Wilson violated his parole and an officer arrested him days after his deadline to register had passed; and

3

- at the time of his arrest, Wilson had not registered as a sex offender.

¶ 8    We conclude that this evidence is sufficient to support Wilson's conviction for knowingly failing to register as a sex offender within five days of being released.  *See* § 16-22-108(1)(a)(II); § 18-3-412.5(1)(a).

¶ 9    Still, Wilson argues that because he was evicted from the motel where he was staying on the last day of the five-day registration period, he "reasonably believed" he had "an additional five days" to register.  In support of his argument, Wilson relies upon a provision of the offender notice and the registration statute that relate to registration requirements for offenders who move.  Specifically, Wilson points to the section of the offender notice that states,

> [i]f you move in state, you must register with the law enforcement agency in the jurisdiction to which you move within 5 business days after moving.  You must notify the local law enforcement agency where you live if you change residences within that agency's jurisdiction or establish additional residences in that jurisdiction.

*See also* § 16-22-108(1)(a)(II) (setting forth required registration process after a move). Wilson correspondingly testified at trial that he believed that once he was evicted and became homeless, he had an additional five days to register.

¶ 10    But the offender notice provision and the registration statute setting forth an offender's separate registration requirements upon moving do not negate the requirement that an offender "must register . . . within 5 business days of being released into the community." *See* § 18-3-412.5(1)(a); *see also* § 16-22-108(1)(a)(II) (describing five-day registration requirement after release from custody). The requirement to register after release is plain, and it is tethered to the release from custody — not any particular residence upon the offender's release. *See* § 16-22-108(1)(a)(II).

¶ 11    The statute in fact recognizes that an offender may not have a "fixed residence," § 16-22-108(1)(a)(I), but it still requires registration within five days of "being released into the community." *See* § 16-22-108(1)(a)(II); *see also* § 16-22-102(4.3)(a), C.R.S. 2016 (defining lack of a "fixed residence" as including "temporary public or private housing or temporary shelter facilities, residential treatment facilities, or any other residential program or facility if the

5

person remains at the location for less than fourteen days"). The statute therefore required Wilson to register within five days of his release without regard to where he was living or whether his location changed during that five-day period. § 16-22-108(1)(a)(II); § 18-3-412.5(1)(a). Wilson did not do so, and, as already discussed, the prosecution presented evidence that he understood the requirement that he had to do so.

¶ 12 Insofar as Wilson suggests that the registration requirement that applies to an offender who changes residences somehow trumps the five-day registration requirement upon release of the offender, we can't agree. Such a reading renders the latter registration requirement essentially superfluous. This we won't do. *See People v. Cito*, 2012 COA 221, ¶ 15. And to the extent Wilson argues he misunderstood the interplay of the two registration requirements, such a misunderstanding is not a defense to his failure to register. *See People v. Mendro*, 731 P.2d 704, 707 (Colo. 1987); *cf. People v. Lesslie*, 24 P.3d 22, 25 (Colo. App. 2000) (identifying basis for asserting mistake of fact and mistake of law defenses).

¶ 13    Because sufficient evidence supports it, we affirm Wilson's conviction for failure to register as a sex offender.

## II.    Uncontrollable Circumstances

¶ 14    Wilson next contends that the trial court erred in "disallowing the affirmative defense of uncontrollable circumstances."  We disagree.

¶ 15    A defendant must present "some credible evidence" of an affirmative defense to present it at trial.  § 18-1-407(1), C.R.S. 2016; *O'Shaughnessy v. People*, 2012 CO 9, ¶ 13.  A trial court's determination of whether the defendant satisfied this burden is reviewed de novo.  *O'Shaughnessy*, ¶ 13.

¶ 16    Before trial, Wilson filed a notice of defense under section 18-3-412.5(1.5).  That section states that it is an affirmative defense to failing to register as a sex offender when

> (I) Uncontrollable circumstances prevented the person from complying;
>
> (II) The person did not contribute to the creation of the circumstances in reckless disregard of the requirement to comply; and
>
> (III) The person complied as soon as the circumstances ceased to exist.

§ 18-3-412.5(1.5)(a).

¶ 17    As relevant here, Wilson's notice of defense stated that "[b]ecause of his homelessness," he was given a temporary lodging voucher and when the voucher expired, Wilson was evicted.  And it also stated that when Wilson was arrested "he still lacked a fixed residence."  The notice did not say that Wilson ever complied with the registration requirement.

¶ 18    The prosecution moved to strike the affirmative defense, arguing that the legislature specifically contemplated the lack of a fixed residence in crafting the registration requirements and thus it was not an uncontrollable circumstance.  During a pre-trial hearing, Wilson again argued that when he was evicted, he was "without a fixed place to register, and that becomes the uncontrollable circumstance[] in this case."  Agreeing with the prosecution that lack of a fixed residence was not an uncontrollable circumstance, the trial court granted the motion to strike the affirmative defense.

¶ 19    Because the registration statute plainly requires offenders without a fixed residence to register, we agree with the trial court that Wilson did not present credible evidence that uncontrollable

circumstances prevented him from registering. The court therefore did not err when it struck the affirmative defense.

¶ 20     Even so, Wilson points to a statutory provision that states that individuals sentenced after January 1, 2005, must "confirm [their] registration within five business days after release from incarceration." § 16-22-108(1)(a).[1]  To the extent Wilson argues that his homelessness was an uncontrollable circumstance that prevented him from "confirming" his registration (as opposed to initially registering), he did not make this argument before the trial court. But in any event, it is a distinction without a difference. That is, Wilson is still responsible for registering as a sex offender, by confirming his initial registration. *See* § 16-22-108(1)(a)(I), (II); *see also People v. Halbert*, 2013 COA 95, ¶ 26 (explaining the various obligations a sex offender registrant must fulfill).  And because the registration statute contemplates registration of offenders without fixed residences, Wilson's homelessness was not

---

[1] An offender must provide the Department of Corrections with his intended residence before being released from incarceration. *See* § 16-22-107, C.R.S. 2016.  Then within five business days of release, the offender "shall . . . confirm his or her initial registration." § 16-22-108(1)(a)(II), C.R.S. 2016.

an uncontrollable circumstance preventing him from confirming that registration.

¶ 21 Because Wilson did not present any credible evidence that uncontrollable circumstances existed that prevented him from registering as a sex offender, we conclude the trial court did not err in rejecting his affirmative defense.

### III. Conclusion

¶ 22 The judgment of conviction is affirmed.

JUDGE HAWTHORNE and JUDGE NAVARRO concur.